## J. F. HENSLEE v. J. N. BOYD.

### Decided January 11, 1908.

**Easement—Real Action—Justice Court—Jurisdiction.**

A Justice Court has no jurisdiction of a suit for damages for injury to or destruction of an easement over land. An easement is a right which one proprietor has to some profit, benefit or lawful use out of or over the estate of another proprietor. To prove this right necessarily involves proof of title, and hence the County and Justice Courts have no jurisdiction. It is otherwise where the title to land is only incidentally involved, as, for instance, a suit for the value of timber on land or for damages for trespass upon land.

Appeal from the County Court of Delta County. Tried below before Hon. Jno. L. Ratliff.

*J. L. Young,* for appellant.—The Justice and County Courts had jurisdiction of this cause. Hatch v. Allan & Swartz, 3 W. & W., sec. 229; Porter v. Porter, 2 W. & W., sec. 433; Melvin v. Chancy, 8 Texas Civ. App., 252, 254; Crawford v. Sandridge, 75 Texas, 383; Mixan v. Grove, 59 Texas, 573; Day v. Chambers, 62 Texas, 191; Haby v. Koenig, 2 Posey, U. C., 440; Gulf, C. & S. F. Ry. v. Graves, 1 W. & W., secs. 579-580; Owens v. Prather, 1 W. & W., p. 640; Gulf, C. & S. F. Ry. v. Thompson, 2 W. & W., sec. 568; Brown v. Brown, 3 W. & W., sec. 82; Hollis v. Finks, 78 S. W. Rep., 555; Davis v. Fant, 15 Texas Ct. Rep., 8; Mixan v. Grove, 59 Texas, 573-5; City of Victoria v. Schott, 29 S. W. Rep., 681, and authorities cited.

*Patteson & Sharp* and *Ewing Boyd,* for appellee.—The Justice and County Courts did not have jurisdiction to try this cause. Constitution, art. 5, sec. 8; Rev. Stats., art. 1098, sec. 4; 14 Cyc., p. 1216, sec. 3; Osborne v. Butcher, 26 N. J. L., 308; Scripture v. Kent, 1 App. C. C., secs. 1056-1057; Gascamp v. Drews, 2 App. C. C., sec. 95; Dauenhauer v. Devine, 51 Texas, 480. For correct proposition, see Porter v. Porter Bros., 2 App. C. C., sec. 433, bottom page 382; Edwards v. Hefley, 22 S. W. Rep., 661.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted in the Justice Court of precinct No. 1 of Delta County, to recover damages for the injury and destruction of an easement over appellee's land, situated in the city of Cooper. In that court appellee presented his plea to the jurisdiction of the court to hear and determine the cause, because of the fact that it involved the title to the lot in question, and the District Court alone had jurisdiction.

The court overruled the plea, and, on a trial of the case, gave judgment for plaintiff, appellant herein.

Appellee appealed the case to the County Court, and plaintiff filed his petition in said court, setting forth his cause of action; and thereafter appellee renewed his plea to the jurisdiction of the Justice and County Courts to entertain and try the cause. The court sustained the plea to the jurisdiction and dismissed the case. Appellant in due time perfected an appeal, and is now in this court asking for a reversal of the judgment.

The appellee is the owner of lot No. 1, in block 24, in the city of Cooper, Texas, fronting on the north side of Bonham Street, and extending back north with the west side of north Main Street. The appellant is the owner of lot No. 2, block 24, also fronting on the north side of Bonham Street and lying west of and adjoining the lot of appellee. The lots of appellant and appellee are occupied by buildings extending along their entire fronts, but said buildings do not extend back the full length of the lots; and the lots lying west of appellant's lot are also occupied by buildings so that the only way appellant has of reaching the back part of his lot or store with vehicles is by driving over the back part of appellee's lot. This, he alleges, he has been doing for twenty-five years and that he has an easement over the same, which appellee has destroyed by fencing up the back part of his lot so that appellant can not use the same. Appellant sues to recover the value of the alleged easement, which he says is $100, and for $100 exemplary damages for the willful and malicious closing up of the same. The appellee denies the appellant's allegations. The County Court sustained the appellee's plea in abatement, holding that the court did not have jurisdiction to hear and determine the cause on the ground that it necessarily involves the title to real estate; and that the Justice's Court, from which the cause was appealed, was also without jurisdiction to try the case.

The appellant alleges that the appellee is the owner of lot No. 1, block 24, in the city of Cooper, and that he, appellant, is the owner of lot No. 2, in block 24, and that each, and those under whom they claim, have had possession thereof for twenty-five years prior to the institution of this suit; and that appellant is the owner of a private easement in and to and over appellee's lot. He sues for damages for being deprived of the said easement. The petition shows that appellant's title to said easement is his adverse use of appellee's lot for twenty-five years. In order for the appellant to recover he must necessarily prove his easement in appellee's lot. An easement is defined as "a right which one proprietor has to some profit, benefit or lawful use, out of or over the estate of another proprietor." Washb. on Easements, 4. To prove this right, the party asserting it, must exhibit documents showing a grant, or give evidence of such continued enjoyment as implies a grant. This is proving title, and a cause which requires proof of title to real estate the County and Justice Courts are without jurisdiction to try. Rev. Stats., art. 1098; Scripture v. Kent, 1 App. Civ. Cases, secs. 1056 and 1057; Gascamp v. Drews, 2

App. Civ. Cases, sec. 95; Daunhauer v. Devine, 51 Texas, 480; Osborne v. Butcher, 26 N. J. L., 308.

It may be conceded, as contended by appellant, that where the title to real estate is only incidentally brought in issue by the suit the County Court would have jurisdiction. Such was the case of Melvin v. Chancy, Guardian, 8 Texas Civ. App., 254, cited by appellant. That was a suit to recover on a contract for pine timber on the land of plaintiff, alleged by him to have been sold to defendants. The defendants plead, among other defenses, that the timber did not belong to plaintiff, but to another party, stating the name of the party, who was the owner of the land, and who was claiming the value of the timber of defendants. In its opinion the court uses the following language: "The suit is not for the trial of title to land, but that question came incidentally in issue. When the County Court has jurisdiction of a cause of action, and it becomes necessary to inquire incidentally into the title to land in order to determine the question of liability, that court has jurisdiction to pass on such question in order to properly decide the cause before it. It thus has jurisdiction of suits to recover damages for trespass upon land."

This is as far as the cases cited by appellant go. In the case before us the question as to whether appellant was the owner of an easement in, to and over appellee's land formed the basis of his right to recover judgment, and the burden was on him to establish that fact before he could recover judgment. This was proving title, within the meaning of subdivision 4 of article 1098, of the Revised Statutes.

The trial court did not err in sustaining appellee's plea in abatement. The judgment is affirmed.

*Affirmed.*