**HINOJOSA v. CORONA et al. (No. 7044.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 17, 1923.)

**Courts ⬅163—County court without jurisdiction of suit to restrain interference with water rights based on title to land.**

Since Const. art. 5, § 8, gives district court original jurisdiction of all suits to try title to land, and since section 16 specifically denies jurisdiction of suits for recovery of land to the county court, a county court had no jurisdiction of a suit to restrain interference with water rights in a certain creek; complainants' right being based upon a claim that they were cotenants with defendant of the land.

Appeal from Starr County Court; H. Garza, Judge.

Suit by Jose Corona and others against O. H. Hinojosa, for an injunction. Judgment for complainants, and defendant appeals. Reversed, and cause dismissed.

Canales, Davenport & West, of Brownsville, for appellant.
Lee Minner, of McAllen, for appellees.

FLY, C. J. The appellees, consisting of 24 persons, sought and obtained, from the county court of Starr county, a writ of injunction restraining appellant from interfering with appellees "in their access to and free use and enjoyment of the waters of the Arroyo del Sauz, or Los Olmos creek." The petition is necessarily based on a claim that appellees had some right, title, or interest in the waters of the said creek, and as leading up to that claim it was alleged, and necessarily had to be proved, that appellees and appellant were owners in common, and were cotenants, "seized and possessed of the certain tract and parcel of land as tenants in common, more particularly described as follows: Portion No. 78, abstract 82, original grant to Diego Garcia, of the ancient jurisdiction of Camargo, Mexico, now in Starr county, Texas."

Although the county court recites in its judgment that the title to the land was not involved, we fail to see how there could be any recovery in the case without proof that appellees had an interest in the land described, and that proof could not be made without involving the title to the land. Appellees claim an interest in the water because they own an interest in the land, and an interest in the land would involve some kind of title. Appellees alleged that they owned an interest in the land, and to recover it was necessary to prove it. The Constitution and laws of Texas give district courts original jurisdiction of all suits to try title to land (article 5, § 8), and section 16 specially de-

nies jurisdiction of suits for the recovery of land to the county court. A recovery of the land was absolutely essential in order to justify the issuance of the writ of injunction. Dauenhauer v. Devine, 51 Tex. 480, 32 Am. Rep. 627. In the case cited, suit had been instituted to enjoin the half owner of a partition wall from placing windows in a third story of a building he contemplated erecting, and the Supreme Court held:

"In regard to the question of the jurisdiction of the district court, our opinion is, that the nature of the suit, the injury complained of, and the relief sought were such as to give the district court jurisdiction, independent of the amount of the injury alleged. The title and possession of land were so far involved as to make the case one for the district court."

The case is directly in point. Other cases directly in point are those of Henslee v. Boyd, 48 Tex. Civ. App. 494, 107 S. W. 128, decided by a Court of Civil Appeals, and Scripture v. Kent, 1 White & W. Civ. Cas. Ct. App. §§ 1056 and 1057, decided by the Commission of Appeals.

The judgment is reversed, and the cause dismissed.