## SMITH et al. v. BROWN.
### No. 808.

Court of Civil Appeals of Texas. Eastland.

Oct. 17, 1930.

Smith & Smith, of Anson, for appellants.

Ferrell & Yates, of Roby, for appellee.

HICKMAN, C. J.

The appeal is from an order of the county court overruling a motion to dissolve a temporary injunction. The injunction was granted on a petition by appellee, the material portions of which are as follows:

"1. That plaintiff is and for some time has been the owner in fee simple of all of block or lot No. 20 of the James and Leggett subdivision of the Bastrop County School land in Fisher County, Texas, and that plaintiff also is the owner of all of the houses and other improvements situated thereon. That defendants are tenants of plaintiff and are cultivating the farm land on said land and live on said premises.

"2. Plaintiff would further show that upon said described land there is a dwelling house of the reasonable value of $980.00. Defendants have informed plaintiff that they are going to tear down and destroy said dwelling house in the very near future and as a fact have already destroyed a part of same and have removed a part of the ceiling and torn off a door out of one room, in said house, and plaintiff believes that the danger of the total destruction of said house is imminent unless defendants are restrained. Plaintiff would further show that the value of said house standing is of the value as above set out, but that its value as raw lumber if torn down and destroyed would be only about $350.00 and not to exceed $400.00, if great care were used in demolishing said house. That at this time it is impractical, unwise, inexpedient and foolish to tear down said building and that plaintiff does not wish same torn down, and that the destruction of same as threatened by defendants would constitute irreparable injury to plaintiff, and in this connection plaintiff would show to the court that defendants and each of them are insolvent and have no property within this state subject to execution from which plaintiff could recover damages in the event of the demolition of said property. Plaintiff would further show to the court that neither of defendants have any interest in said house they threaten to tear down; that they do not own any interest therein nor any

part of said land upon which same is situated. And that there is no legal right in them of any nature, to destroy said property. They do not have any right to the material therein nor any part thereof. They do not have any lien upon the material therein of any character. Neither do either of them have such right. They purport to act through a purported contract with this plaintiff which provided for the construction of a new house wherein a portion of the materials in said old house were possibly to have been used. But in that connection plaintiff would show that said contract did not provide for defendants or any one else tearing down said building now existing on said premises and that plaintiff does not desire to demolish same, and that defendants have no contractual rights entitling them or either of them to destroy plaintiff's property. Plaintiff further says that neither of defendants claim to own said house or any part thereof, or to have any lien against the same."

■ Only two questions are brought here for review. The first assignment of error presents that the county court was without jurisdiction to grant the writ, because it enjoined a trespass upon real estate. This assignment is without merit. The petition affirmatively discloses that the amount in controversy is within the jurisdictional amount of the county court, as provided in article 5, § 16, of the Constitution. We know of no authorities and have been cited to none which deny the county court the power to issue an injunction to prevent a trespass upon real estate. The case of Poe v. Ferguson (Tex. Civ. App.) 168 S. W. 459, relied on by appellants, is not authority for the contention. In that case the question decided was that, where the petition fails to state the value of the subject of the controversy, the district court alone has power to issue a writ of injunction.

■ Under the article of the Constitution above referred to, the jurisdiction of suits for the recovery of land is denied the county courts, but it has been many times held that the fact that the title to land may be incidentally involved in a suit, the main purpose of which is not to recover or try the title to land, does not oust the county court's jurisdiction. In the case of Springer v. Collins (Tex. Civ. App.) 108 S. W. 758, the direct question was involved, and it was there held that the county court has jurisdiction to enjoin a trespass upon real estate where the amount involved was within the jurisdiction of such court. The Constitution, we think, is susceptible of no other construction, and the first assignment of error is overruled.

The second assignment of error reads as follows: "The trial court erred in rendering a judgment in this cause against the defendants and in favor of the plaintiff for the reason that it was an attempt upon the part of the trial court in his powers to aid and encourage the plaintiff to breach a written contract with the defendants, based upon the grounds that the defendants were attempting to carry out their part of their written contract, and the plaintiff came into court seeking equity without doing equity and the trial court erred in rendering a judgment in favor of the plaintiff and against the defendant, and in enjoining the defendants from carrying out and performing their part of a written obligation."

We have had some difficulty in determining just what question of law is presented by this assignment, but from the argument we have decided that the contention is that appellants had some character of vested right to tear down appellee's house and could not be enjoined from so doing. This asserted right grows out of the following facts: The parties entered into a written contract for the erection of a house on appellee's premises. By the terms of this contract appellee was to pay appellants $750 for the labor in completing such work, not including papering and painting. The contract referred to specifications. The closing paragraph of the specifications was as follows: "Where possible, material in the old house now standing will be preserved and used, the house being torn down, all material freed of nails, etc., particular pains being taken to preserve all materials that can be used in the new structure."

■■ This provision indicates that it was in the minds of the parties to the contract to tear down appellee's old house and use such materials therein as were suitable in the erection of the new house. Appellants claim that by virtue of this provision they had the right to tear down appellee's house against his will, for the purpose of procuring these materials to go into the new house. The contention is without merit. The suit is not one for damages for breach of a building contract, but involves only the right of appellants to tear down appellee's house. The provision of the specifications above copied was not for appellants' benefit. It imposed additional labor upon them without any additional compensation. If appellee desired to furnish new materials instead of having his house torn down, there is certainly no provision of the contract or specifications preventing him from doing so. Appellants were benefited rather than damaged by being relieved of the obligation to tear down the old house and preserve the materials therein. But, conceding that appellants had a contract whereby they were authorized and obligated to tear down appellee's house, they could have no vested right to do so. Their only recourse in such a situation would be for damages suffered on account of the breach of the contract. "If a man engages to have work done, and afterwards repudiates his contract before the work has been begun or when it has been only partially done, it is inflicting damage on the defendant without

benefit to the plaintiff to allow the latter to insist on proceeding with the contract. The work may be useless to the defendant, and yet he would be forced to pay the full contract price. On the other hand, the plaintiff is interested only in the profit he will make out of the contract. If he receives this it is equally advantageous for him to use his time otherwise." Williston on Contracts, vol. 3, p. 2348.

No error is presented by the assignments, and the judgment of the trial court is affirmed.