## COUGHRAN v. NUNEZ.
### No. 3559.

Court of Civil Appeals of Texas. El Paso.
June 10, 1937.

Rehearing Denied June 24, 1937.

Mead & Metcalfe, of Marfa, for appellant.

E. B. O'Quinn, of Marfa, for appellee.

WALTHALL, Justice.

Jesus Nunez, as plaintiff, brought this suit in the county court of Presidio county, complaining of W. M. Coughran, and says, in effect:

Plaintiff resides in the unincorporated village of Ruidoso, in Presidio county, Tex.; the inhabitants of said village, including plaintiff, are the owners and in possession of and entitled to the possessory rights and interest to all of a certain pipe, pipes, and equipment constituting same, with certain wooden tank connected therewith, located near said village of Ruidoso, and altogether constituting the water supply system for transportation and distribution of water to said village, and to its inhabitants, including plaintiff, with the right to use the water so transported from a certain spring of water situated on survey No. 11, block 5, Texas-Mexico Railway Company, in Presidio county, Tex., said spring situ-

ated about 3 miles, more or less, from said village; the said pipe line and tank connected with said spring constituting an unbroken connection and are used exclusively for the transportation and distribution of water from said spring to the inhabitants of said village, including plaintiff.

It is alleged that the inhabitants of said village, including plaintiff, have owned and been in continuous and uninterrupted possession and use and right of use of said properties and the water therefrom since the year 1919; since 1919 said water system has constituted the sole and only means of water supply for domestic purposes to said village and its inhabitants, including plaintiff.

It is alleged that defendant, W. M. Coughran, threatens to and is about to tear up and take apart said pipes, pipe lines, and equipment, and to take same or a part away and destroy said water system, to plaintiff's damage as alleged.

Plaintiff prayed for, and the court granted, a temporary injunction restraining plaintiff and his representatives from doing any of the things complained of; it is alleged that before said temporary writ of injunction was served defendant had torn up, taken apart, damaged, and removed a part of said pipes, pipe lines, equipment, and water system, and was continuing to do so, and has injured and damaged said water system to such extent as to render it impossible for plaintiff and other inhabitants of said village to procure water from said spring through said system; alleges other wrongs and injuries which we need not state in detail.

Plaintiff alleges at much length to the effect that in 1919, the owners of said land agreed in writing with the United States government and the inhabitants of said village, including plaintiff, the rights to maintain said water system while being used by said government and at all times thereafter by the inhabitants of said village, including plaintiff, and that the government, through its authorized agents, erected said water system, and from the time of its erection, plaintiff and the inhabitants of said village were given permission by the United States government to take possession of and use said water system, for the uses stated, and for as long a time as plaintiff and the inhabitants of the village desired, and that plaintiff and the said inhabitants accepted the dedication made of the waters of said spring and the water system and at the filing of this petition, under the premises, are in possession and use as stated, and describes the ground occupied by the system; that the damages to said water system are irreparable; that said damages to plaintiff are special and not shared in common by the general public.

Plaintiff says that defendant should be compelled by the court, by its temporary mandatory injunction, to restore and replace said property and water system to its original condition and use to furnish water as formerly.

Plaintiff further alleges that he and the inhabitants of said village, by reason of the matters stated, have title and right by prescription and dedication to the water and water system, and the right to maintain same without interruption from appellant, and to have granted and applied the injunctive remedies granted.

Plaintiff pleaded other matters we need not state at this time.

Defendant made the contention in the county court, and makes the same here, that plaintiff's petition is in the nature of a suit in trespass to try title, alleges rights by prescription and dedication, based upon adverse possession, and refers to title to real estate and interest in land.

Defendant pleaded to the jurisdiction of the county court; filed a plea in abatement, in which he questions the right of plaintiff to sue in the capacity in which he sues, and no interest shown in the inhabitants of the village; pleaded nonjoinder of parties; that the petition shows that the properties involved were owned by parties other than plaintiff and defendant, and necessary parties; motion to dissolve injunction based on several grounds.

The court overruled all of defendant's special pleas and motion.

Defendant answered by general and special exceptions, general denial, and plea of not guilty; alleged ownership in himself of the property involved; by cross-action pleads damages and prays that plaintiff take nothing.

The case was tried without a jury.

The court overruled all demurrers, heard the evidence, and entered judgment in favor of plaintiff, made the temporary injunction theretofore issued permanent, enjoined and restrained defendant from committing any of the acts complained of; ordered that defendant take nothing by his cross-action, and taxed all costs against defendant.

Defendant excepted and prosecutes this appeal.

### Opinion.

We will designate the parties plaintiff and defendant as in the trial court.

Defendant filed assignments of error and thereunder presents several propositions.

■ Under his several propositions, defendant submits that plaintiff's petition on its face shows that the suit is one for the recovery of land, and for the trial of title to land, and for that reason the county court is without jurisdiction, and hence erred in entertaining jurisdiction and in overruling defendant's several pleas, demurrers, and motions, and in entering the judgment.

We do not concur in these propositions.

Article 5 of our State Constitution pertaining to the Judicial Department, section 16, is lengthy, and we state only that part of said section applicable to the question involved. The section provides that the jurisdiction of the county court "shall * * * not exceed $1,000, exclusive of interest, but shall not have jurisdiction of suits for the recovery of land." Article 1950 of the statute, in stating the jurisdiction of the county court as to the amount in controversy, conforms to that of the Constitution. Article 1951 of the statute, in observing the provision of the Constitution, provides that the county court shall not have jurisdiction of suits "of the recovery of lands, nor suits for the enforcement of liens upon land."

Our courts in construing the above provisions of the Constitution and statute have not given to them the interpretation insisted upon by defendant. We state only a few of a number we have reviewed. The reasonable value of the water system, the value of the amount in controversy is stated in the petition to be $1,000. Smith v. Brown (Tex.Civ.App.) 32 S.W.(2d) 388, 389, is a case very similar to the instant case, a suit to enjoin trespass on real estate. Judge Hickman, for the Eastland Court of Civil Appeals, said: "We know of no authorities and have been cited to none which deny the county court the power to issue an injunction to prevent a trespass upon real estate. * * * Under the article of the Constitution [Art. 5, Sec. 16] above referred to, the jurisdiction of suits for the recovery of land is denied the county courts, but it has been many times held that the fact that the title to land may be incidentally involved in a suit, the main purpose of which is not to recover or try the title to land, does not oust the county court's jurisdiction." In Springer v. Collins (Tex.Civ.App.) 108 S.W. 758, the same question was involved, and it was there held the county court had jurisdiction to enjoin a trespass upon real estate where the amount involved was within the jurisdiction of such court. The question of title to real estate was one incidentally involved.

The above cases express our views on the facts in this case.

■ We think the interests of the inhabitants of the village are sufficiently shown.

■ As we view the issues presented, the court was not in error in overruling defendant's plea of nonjoinder of parties.

■ The trial court did not issue a mandatory order as prayed for, and we need not discuss that feature of the case; the court was not in error in permanently enjoining and restraining defendant from in any manner interfering, removing, or changing the water system or personal property constituting same, and from diverting or causing the cessation of the flow of water through the water system. Without quoting the evidence, it clearly shows that defendant took up some of the pipes constituting the water system.

■ We have carefully reviewed the evidence raised by defendant's motion to dissolve the injunction, and think the plaintiff's pleadings and evidence sufficient to justify the court in overruling the motion. The right to take water may, by analogy, be acquired by limitation, prescription, or dedication. The question presented is well stated and settled in 2 Tex.Jur. p. 66, and cases cited.

■ Defendant submits error to the action of the court in overruling his general demurrer and certain special exceptions to plaintiff's petition, and to the overruling of defendant's objection to the admission of evidence to the effect that the water system and the water furnished through the water system was a community project of the village. The court was not in error in the matters complained of under these propositions.

We have concluded that the county court had jurisdiction of the subject-matter of the suit, and we have found no reversible error in any of the matters complained of.

The case is affirmed.