## W. M. COUGHRAN V. JESUS NUNEZ

No. 7320. Decided May 10, 1939.
Rehearing overruled June 7, 1939.
(127 S. W., 2d Series, 805.)

*Mead & Metcalfe*, of Marfa, for plaintiff in error.

The pleadings and the evidence showing, as a matter of law, that plaintiff plead and proved his title by dedication, prescription and limitation, and the record showing that the trial court made a finding, based on plaintiff's pleas, as a basis for the judgment, by reason whereof title was directly involved, the county court had no jurisdiction, and it was error for that court to render judgment overruling plea to the jurisdiction, and it was also error for the Court of Civil Appeals to affirm said judgment. Benavides v. Benavides, 174 S. W. 293; Woman's Club of Ysleta v. Hutchins, 40 S. W. (2d) 960.

*E. B. O'Quinn*, of Marfa, for defendant in error.

The plaintiff's petition did not show on its face, nor does the evidence offered show that plaintiff's cause of action was and is a suit for the recovery of the land or a suit for the trial of title to property. The county court did have jurisdiction of the matters involved in this suit. Smith v. Brown, 32 S. W. (2d) 388; Little v. State, 75 Texas 616, 12 S. W. 965; Putty v. Putty, 6 S. W. (2d) 136.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the County Court of Presidio County, Texas, by Jesus Nunez against W. M. Coughran as defendant. The parties will be designated as in the trial court.

The suit was for injunction. Plaintiff's pleading is very lengthy. The subject matter involved is the right to take and use water from a spring some three miles east of the village

of Ruidosa, and the further right to the uninterrupted and undisturbed use of a water pipe line extending from said spring to said village for the transportation of water. Plaintiff alleged at great length the inception of the right of himself and other inhabitants of the village to take and use the water from the spring and to have it conveyed through the pipe line to the village. Briefly it may be said that such right had its inception about the year 1920 by gift or dedication by the United States Government. It was alleged that for some sixteen or seventeen years the plaintiff and other inhabitants of the village had openly, continuously and adversely used the water from this spring, and the pipe line, claiming and using same in supplying water for all of the domestic purposes of the inhabitants of the village. In various forms it is alleged that by virtue of the original dedication of said water supply system to the inhabitants, and by reason of the long and uninterrupted use of same, plaintiff and the other inhabitants of the village had "obtained and now hold and own said property, constituting said water system as above described, and all rights incident thereto, by prescription." The facts constituting a dedication by the Federal Government are further elaborated, and the general allegation is made "that said dedication and use, as hereinbefore alleged, created and constituted and now constitutes a permanent and irrevocable easement, dedication and right" to the property, and rights claimed by plaintiff. There is also a general allegation that the plaintiff and other inhabitants are the owners and in possession of and entitled to the possession of said property "by reason of prescription and limitation."

It is alleged that defendant was threatening to and had to some extent torn up a part of said pipe line and water supply system, and had interfered with and destroyed plaintiff's right to obtain water through said pipe line for his domestic purposes. The injunction sought was to prevent further interference with said water system and to require defendant to repair the damage he had done. Apparently defendant is claiming the land where the spring is situated, or a portion of the land over which the pipe line is laid.

Defendant pleaded in different ways to the jurisdiction of the county court, on the ground that in reality the suit was one to try title to real estate, and jurisdiction was exclusively in the district court. The trial court overruled defendant's objections and pleas to the jurisdiction and granted an injunction. This judgment of the trial court was by the Court of Civil Appeals affirmed. 106 S. W. (2d) 1101. Writ of error was

granted upon the conflicts alleged. The sole question presented here is one of jurisdiction.

■ We have concluded that the opinion of the Court of Civil Appeals is not only in conflict with other decisions, but is erroneous. The question does not depend primarily upon a construction of plaintiff's petition, and for that reason we have only set out its essential features. As we construe the opinion of the Court of Civil Appeals and the argument of defendant in error there does not appear to be any difference between their view of the rights which plaintiff claims, and our construction of the pleadings as to the nature of such rights. It seems to be certain that plaintiff is claiming to have rights, in the nature of an easement and dedication, to use the water from the spring, to use the pipe line as constructed, and to use the lands over which said pipe line is laid and upon which its support depends. That the rights thus asserted constitute an interest in real estate there can be no doubt. Evans v. Ropte, 128 Texas 75, 96 S. W. (2d) 973.

■ The real controversy concerns the nature of the relief sought by plaintiff and what plaintiff is required to establish before being entitled to said relief. The Court of Civil Appeals applied the well recognized rule that the county court has jurisdiction to prevent by injunction a trespass upon real estate, if the value of the property is within the jurisdiction of the court, when the title to such real estate is only incidentally involved. The application of this rule, however, necessarily implies that plaintiff owned the easement or interest in real estate as alleged by him, and had acquired same by limitation, prescription or dedication. This is manifest from the holding which the court made that plaintiff had acquired the right to take the water from the spring and to use the pipe line by limitation or prescription. We note that a considerable portion of defendant's brief in the Court of Civil Appeals is devoted to establishing that proposition. It would have been wholly unnecessary for plaintiff to go to such length in alleging his right and title to the easement claimed by him, unless it had been necessary to establish such right by proof. This necessarily involved the trial of title to real estate. To assume that he owned the easement is to assume the whole case in his favor.

■ In the case of Henslee v. Boyd, 48 Texas Civ. App., 494, 107 S. W. 128, plaintiff claimed an easement across lands of the defendant in the nature of a driveway, which was alleged

to have been acquired by use thereof for more than twenty-five years. Suit was brought in the justice court for damages on account of interference with said easement. The court held that jurisdiction was in the district court, and among other things said:

"The petition shows that applicant's title to said easement is his adverse use of appellee's lot for 25 years. In order for the appellant to recover, he must necessarily prove his easement in appellee's lot. An easement is defined as 'a right which one proprietor has to some profit, benefit, or lawful use out of or over the estate of another proprietor.' Washb. on Easements, 4. To prove this right, the party asserting it must exhibit documents showing a grant, or give evidence of such continued enjoyment as implies a grant. This is proving title; and a cause which requires proof of title to real estate the county and justice courts are without jurisdiction to try. * * *

"It may be conceded, as contended by appellant, that, where the title to real estate is only incidentally brought in issue by the suit, the county court would have jurisdiction. Such was the case of Melvin et al v. Chancy, Guardian, 8 Texas Civ. App. 254, 28 S. W. 241, cited by appellant. That was a suit to recover on a contract for pine timber on the land of plaintiff alleged by him to have been sold to defendants. The defendants plead, among other defenses, that the timber did not belong to plaintiff, but to another party, stating the name of the party who was the owner of the land, and who was claiming the value of the timber of defendants. In its opinion the court uses the following language: 'The suit is not for the trial of title to land, but that question came incidentally in issue. When the county court has jurisdiction of a cause of action, and it becomes necessary to inquire incidentally into the title to land in order to determine the question of liability, that court has jurisdiction to pass on such question in order to properly decide the cause before it. It thus has jurisdiction of suits to recover damages for trespass upon land.' This is as far as the cases cited by appellant go. In the case before us the question as to whether appellant was the owner of an easement in, to, and over appellee's land formed the basis of his right to recover judgment, and the burden was on him to establish that fact before he could recover judgment. This was proving title, within the meaning of subdivision 4 of article 1098 of the Revised Statutes of 1895."

This is one of the cases alleged to be in conflict with the opinion of the Court of Civil Appeals in the present case.

In the case of Gascamp v. Drews, 2 Willson, Court of Appeals Civil Cases, Sec. 95, plaintiff brought suit for injunction to restrain defendant from interferring with a certain road claimed to be a neighborhood road and to require defendant to remove certain obstructions therefrom. Plaintiff claimed an easement in the land by virtue of the use of said road. The county court granted the injunction and on appeal it was held that the suit was one involving the title to land of which the district court had exclusive jurisdiction. Among other things the court said:

"An easement or servitude may be defined to be 'a right which one proprietor has to some profit, benefit or lawful use out of, or over, the estate of another proprietor.' (Washb. on Easements, 4) It always implies an interest in land in or over which it is to be enjoyed. A case directly in point with this one is Scripture v. Kent, 1 White & Willson, Court of Appeals Civil Cases, sec. 1056, p. 592. In that case the plea to the jurisdiction of the county court was sustained by said court, upon the ground that the subject-matter of the suit involved an interest in land. That by sec. 16, Art. 5, of the Constitution, the county court was expressly denied jurisdiction of such matters, and that by section 8 of said article all such matters are confided exclusively to the jurisdiction of the district court. In that case the court said: 'The suit at bar is an injunction from the county court, enjoining the appellee from acts of obstruction and interference with a right of way, which appellant claimed to own over appellee's land, and also to enjoin appellee from taking down a certain division fence separating the lands of appellant and appellee. The suit was also to recover damages for acts already done by appellee in obstructing said right of way, and in taking down a portion of said fence. In the county court, upon exception of appellee, the cause was dismissed upon the ground of a want of jurisdiction in the county court of the subject-matters involved in it. It is plain from the principles of law applicable to the rights which the plaintiff brought his suit to maintain, that it was a suit, the trial of which involved the title or right claimed by him in the estate which the defendant owned in the land described as such. It is equally evident that it was a right which affected the defendant's interest and estate in the land. It was a suit brought to impose a servitude upon it, and to establish its correlative easement in favor of the owner of another estate, and was an interest of such a character in land as was susceptible of tenure and acquisition by grant. It follows from the

premises that such rights cannot be asserted in the county court by suit to try and determine them in proceedings which can affect the title. In regard to the division fence, the title and possession of land were so far involved as to make the case one for the district court and not within the jurisdiction of the county court."

See also Hinojoso v. Corona, 254 S. W. 1116.

We think the reasoning of the cases above quoted from is sound, and therefore conclude that the Court of Civil Appeals was in error. The judgments of the Court of Civil Appeals and of the county court are set aside and the cause is dismissed.

Opinion adopted by the Supreme Court May 10, 1939.

Rehearing overruled June 7, 1939.