# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00058-CV

**Merit Management Partners I, L.P. (formerly known as Merit Partners, L.P.);
Merit Energy Partners III, L.P.; and Merit Energy Partners D-III, L.P., Appellants**

**v.**

**Walter D. Noelke, as general partner of the NF5 Family Limited Partnership, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 2 OF TOM GREEN COUNTY
NO. 05C160-L2, HONORABLE PENNY ANNE ROBERTS, JUDGE PRESIDING**

---

## DISSENTING OPINION

Because I would hold that issues of title are merely incidental to the contract dispute presented in this case and therefore that the county court properly exercised its jurisdiction, I respectfully dissent.

The government code provides that a county court does not have jurisdiction in "a suit for the recovery of land." Tex. Gov't Code Ann. § 26.043(8) (West 2004); *see also Doggett v. Nitschke*, 498 S.W.2d 339, 339 (Tex. 1973) ("A county court does not have jurisdiction to try questions of title to land."). The mere fact that a contract dispute is based on a contract regarding real property does not necessarily preclude a county court from exercising jurisdiction. *See Chambers v. Pruitt*, 241 S.W.3d 679, 684 (Tex. App.—Dallas 2007, no pet.) (holding that cause of action for breach of contract to sell real property "did not involve determination of title" and therefore county court had jurisdiction to decide case). Rather, we must review "the nature of the

relief sought by plaintiff and what plaintiff is required to establish before being entitled to said relief," in order to determine whether the county court has jurisdiction. *Coughran v. Nunez*, 127 S.W.2d 885, 887 (Tex. 1939); *see also Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935) (holding that county court had jurisdiction because, where petition "clearly shows an intention to elect to sue only for the debt" on vendor's lien note, rather than to challenge enforceability of lien, "no technical construction of the pleading should be invoked to defeat such intention."). As the majority observes in quoting *Kegans v. White*, 131 S.W.2d 990 (Tex. Civ. App.—Eastland 1939, writ ref'd), "The dividing line between the classes of cases, cognizable solely in the respective courts, is not always so apparent." 131 S.W.2d at 993. Where a party's pleadings do not affirmatively demonstrate an absence of jurisdiction, a doubtful case will be presumed in favor of jurisdiction. *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989); *Martinez v. Daccarett*, 865 S.W.2d 161, 163 (Tex. App.—Corpus Christi 1993, no writ).

In the present case, Noelke seeks relief based on a sole provision of the Consent to Assignment—the provision entitling Noelke to reimbursement for expenses, time, and attorney's fees.[1] As the county court noted in the hearing on the plea to the jurisdiction, any potential dispute regarding title to land would necessarily be "[b]ased not on the clause that [Noelke and NF5] are suing under, but under other parts of the document or other subsequent documents."

As the county court also observed at the hearing, the crux of this dispute is that Noelke and NF5 "wish to enforce a clause in the Consent to Agreement for damages for attorney's

---

[1] While Merit initially brought a counterclaim seeking a declaratory judgment that the Consent to Assignment was invalid in its entirety, this counterclaim was nonsuited prior to trial.

fees and rentals." Because it is undisputed that Noelke has title to the surface estate in question, he is not obligated to establish title in order to recover the damages sought. Furthermore, it is undisputed that, at the time Noelke presented Merit with his demand letter under the Consent to Assignment, Merit had been using and paying rent on the property in question since 2003. As a result, the present case is distinguishable from past cases in which Texas courts have held that a county court lacks jurisdiction because the plaintiff could not obtain his requested relief without proving his ownership of real property. *See Coughran*, 127 S.W.2d at 887 (holding that, where it was necessary for plaintiff to "allege his right and title to the easement claimed by him" in order to recover, suit involved adjudication of title and therefore county court had no jurisdiction); *Kegans*, 131 S.W.2d at 994 (holding that county court had no jurisdiction because "before the appellees may recover the sum prayed for, or any part thereof, they must first establish their right and title to the land, and this can only be done by a suit in the district court"); *Henslee v. Boyd*, 107 S.W. 128, 129 (Tex. Civ. App.—Dallas 1908, no writ) ("In order for the appellant to recover he must necessarily prove his easement . . . and a cause which requires proof of title to real estate the County and Justice Courts are without jurisdiction to try."). Unlike the plaintiffs in *Coughran*, *Kegans*, and *Henslee*, Noelke is not required to establish his right and title to any real property in order to recover on his claim for damages. He merely seeks the recovery of attorney's fees, costs, and liquidated damages pursuant to a provision of the Consent to Assignment. While issues regarding title may be tangentially involved, they are incidental to the primary issue of resolving a contract dispute between the parties.

Where, as here, "the question of title comes incidentally into the case," the county court "does not adjudicate or settle the title to the land nor the right to recover it, but simply determines that the plaintiff is or is not entitled to recover the thing sued for, within the jurisdiction." *City of Victoria v. Schott*, 29 S.W. 681, 681 (Tex. Civ. App.—Houston 1895, no writ). The proceedings in the present case merely determine Noelke's right to recover damages under the Consent to Assignment. The resolution of this breach-of-contract claim in county court does not serve to adjudicate title to the land in question, as this issue may only be resolved in district court. Regardless of what Noelke may have represented to the district court in Irion County, under the reasoning of *Schott*, the county court's judgment in this case does not preclude Merit from seeking to adjudicate title in district court.

Because I would overrule Merit's first issue on appeal, hold that the county court properly exercised its juridiction over this suit, and address the merits of the three remaining issues, I respectfully dissent.

_____

Diane M. Henson, Justice

Before Justices Puryear, Waldrop and Henson

Filed: October 3, 2008

4