# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00828-CV

**John Walker and Molly Walker, Appellants**

**v.**

**Dennis Vick and James C. Timms, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TOM GREEN COUNTY
### NO. 11C053-L, HONORABLE BEN NOLEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this dispute between neighbors, the county court denied a plea to the jurisdiction by appellants John Walker and Molly Walker and granted final summary judgment in favor of appellees Dennis Vick and James C. Timms. On appeal, the Walkers challenge the county court's jurisdiction over the claims and counterclaims between the Walkers and Timms.[1] For the reasons that follow, we conclude that the county court did not err in denying the Walkers' plea to the jurisdiction.

### BACKGROUND

The Walkers and Timms own adjacent lots on Edinburgh Road in Highland Range Estates, a platted subdivision in Tom Green County. In 2008, the Walkers sued Timms and his wife

---

[1] In their briefing to this Court, the Walkers state that they are not appealing the portion of the judgment granting final summary judgment in favor of appellee Dennis Vick.

in district court seeking damages and injunctive relief under a nuisance theory of recovery. The suit arose out of the Walkers' construction of a circular driveway and the alleged interference by the Timms with the Walkers' right of access and use of their property.[2] The Highland Range Estates Owners' Association was named a third-party defendant, and the parties reached a settlement in 2009. The Walkers agreed to construct the driveway "completely within their property line or within their extended property line" in exchange for $5,000.00. After the Walkers completed the driveway, the Timms agreed to remove "twenty (20) feet of curbing, including red cone and dots."

---

[2] In their first amended original petition and application for permanent injunction, in addition to the driveway issue, the Walkers described the nature of the suit as follows:

> This is a suit to recover damages for nuisance arising from the Timms' improper use of the right-of-way of Edinburgh Road located in the Highland Range Estates Subdivision, and to enjoin the Timms from further interference with the Walkers' right to use the right-of-way to access their home.
>
> . . .
>
> In 2007, the Walkers began construction of a home on their Highland Range Estates lot. During construction, they were often faced with one or more vehicles parked by the Timms in front of the Walkers' lot, partially blocking access to their property. This blockage was especially irksome to work crews who were forced to park a distance away from the worksite, . . . .
>
> . . .
>
> The Timms have intentionally and substantially interfered with the Walkers' right of access and their use of their own land. The Timms construction of the curb and placement of the landscaping in the public right-of-way places a barrier to the Walkers' property and constitutes a common law nuisance. The Timms' unreasonable use of the public right-of-way in front of the Walkers' home substantially interferes with reasonable use and enjoyment of the Walkers' lot and the right-of-way.

As part of the settlement agreement, the Walkers released the Timms and the Association as follows:

> [The Walkers] release, acquit and forever discharge the Timms and the Association, their representatives, agents, successors and assigns and lawyers of and from any and all demands, rights, damages, actions, representations, duties, obligations, agreements, contracts, claims, counterclaims, and causes of action whatsoever which [the Walkers] now have or which may hereafter accrue on account of or in any way growing out of or related to any and all known or unknown, foreseen and unforeseen damages and the consequences thereof resulting or to result from the relationship, duties, obligations, dealings, contracts, representations, and agreements between [the Walkers], the Timms and the Association through the effective date of this Agreement, including but not limited to all matters, actions, representations, duties, agreements, contracts, claims, counterclaims, and causes of action described in the pleadings filed in the Lawsuit or which were or could have been asserted in connection with the Lawsuit or which are a part of or are related to the subject matter of the Lawsuit and any duties or obligations, contractual, statutory or otherwise, arising from or related to the dealings and relationships between [the Walkers], the Timms and the Association, including but not limited to those relating to, contained in or arising from the construction of the subject driveway, provided that no release of any written promise or agreement set out in this Agreement is made or intended.

The district court thereafter dismissed the suit with prejudice based on a joint motion by the parties.

In April 2010, the Walkers sued Timms in small claims court. They sought damages and injunctive relief under theories of recovery of harassment and "breach of right-of-way easement." They alleged that Timms was harassing them "by parking trucks in front of Plaintiff's front door" and that he breached the right-of-way easement by "[m]aintaining a boulder, gravel, curbing and trucks in a dedicated right-of-way in order to exclude Plaintiffs or others from using said public right-of-way and harassment of Plaintiffs on a regular basis." Timms filed an answer asserting that the Walkers' claims were barred by the parties' prior settlement agreement in the district court proceeding and counterclaimed for damages and injunctive relief "due to harassment

3

by Plaintiff John Walker." Timms sought to enjoin Walker "from blowing his air horn" at Timms or "driv[ing] across the property line or the extended property line of [Timms]'s property."

After the Walkers filed a separate suit in small claims court against Vick, the two actions were consolidated and transferred to county court.[3] In the county court proceeding, Timms amended his counterclaim to include a contract claim against the Walkers for breach of the settlement agreement, and Vick and Timms filed motions for summary judgment, asserting res judicata based on the settlement agreement. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) ("Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit."). Timms also sought summary judgment on his breach of contract claim in his motion and submitted evidence of his attorney's fees.

The Walkers responded to the motions and filed a plea to the jurisdiction. In their amended plea, they asserted that the original court—the small claims court—lacked jurisdiction over the Walkers' claims against Timms because the Walkers "exclusively" prayed for injunctive relief and, therefore, the small claims court could not transfer those claims to county court. They also contended that the parties' claims involved title issues so that they could only be brought in district court.

The parties filed responses and, in one of his responses, Timms waived any prior request for injunctive relief. After a hearing, the trial court denied the Walkers' plea to the

---

[3] The Walkers brought a contract claim against Vick arising from his actions as a member of the architectural control committee of the Highland Range Estates Owners' Association.

jurisdiction and determined that Vick and Timms were entitled to summary judgment. The trial court ordered that the Walkers take nothing against Vick and Timms and awarded attorney's fees of $2,000 to Timms from the Walkers. The Walkers filed a motion for new trial as to Timms only, which motion was overruled by operation of law. This appeal followed.

## ANALYSIS

In two issues, the Walkers challenge the county court's jurisdiction. They contend that the county court should have granted their plea to the jurisdiction because the claims and counterclaims between the Walkers and Timms turned on a title dispute. They further contend that the transfer of the case from small claims court to the county court was without jurisdiction and void because the small claims court lacked jurisdiction to grant injunctions, which was the only relief requested by the Walkers against Timms.

### Standard of Review

Whether a court has subject matter jurisdiction is a question of law, which appellate courts review de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012) (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). "If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause." *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985).

**Did the county court lack jurisdiction because the parties' claims were title disputes?**

In their first issue, the Walkers contend that the county court erred by denying their plea to the jurisdiction because the claims between the Walkers and Timms turned on the existence and location of a right-of-way easement, which is a title dispute. The county court generally does not have jurisdiction to determine title disputes. *See* Tex. Gov't Code § 26.043(8) ("A county court does not have jurisdiction in: . . . a suit for the recovery of land."); *Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 643 (Tex. App.—Austin 2008, no pet.) (noting that "suit for the 'recovery of land' is a suit that determines title" and that dispute over existence of easement "'necessarily involved the trial of title to real estate'" (quoting *Coughran v. Nunez*, 127 S.W.2d 885, 887 (Tex. 1939))).

The Walkers contend that the parties' claims raise the following title questions: (1) whether a public right-of-way exists that supports the Walkers' claim that Timms should be enjoined from obstructing the Walkers' use of that right-of-way to access their home; and (2) whether the settlement agreement and the district court's dismissal order entitle Timms to obstruct the public right-of way. Timms counters that "[t]his is not a title case involving the obstruction of a right-of-way or where a right-of-way has been forfeited" but a case "where [the Walkers] compromised their claim to use of the public right-of-way . . . in return for the payment of $5,000.00." Timms urges that the "existence and location of the right-of-way along Edinburgh Road is set out in the subdivision's plat" and that the current dispute between the parties is a breach of contract action involving the contractual settlement agreement. Timms also asserts that, "[i]f a

6

question of title is present, it arises only 'incidentally' which does not deprive the county court at law of jurisdiction." *See Noelke*, 266 S.W.3d at 646.

We are informed by this Court's opinion in *Noelke*. In that case, we explained that a "county court does not have jurisdiction over a lawsuit if the gist of the suit is a title dispute." *Id.* at 649. We described the test for making this determination as follows: "To determine the extent to which title and possession are involved, we look to 'the nature of the suit, the injury complained of, and the relief sought.'" *Id.* (quoting *Dauenhauer v. Devine*, 51 Tex. 480, 487 (1879)). "If the right of recovery in a suit depends, at least in part, upon the title to land, but there is no real dispute between the parties over questions of title, the question of title is incidental." *Id*. at 648. When the question of title is incidental, the county court is not deprived of jurisdiction. *Id*.; *see also In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 898 (Tex. App.—El Paso 2012, orig. proceeding) ("A lawsuit involves the adjudication of title to real property if title is not involved in a merely incidental or collateral way, but is actually involved as the basis, as well as the measure of right of any recovery." (citing *Noelke*, 266 S.W.3d at 646–47)).

Here, there is "no real dispute" between the parties over questions of title, such as the existence of a right-of-way on Edinburgh Road. *See Noelke*, 266 S.W.3d at 648 (noting that, "even if title to real property is a necessary predicate to recovery in a case for money damages, it is incidental to the case if there is no real dispute over title that must be resolved by the county court"). The earlier district court proceeding also resolved the parties' dispute as to Timms' alleged interference with the Walkers' right of access and use of their property. In the settlement agreement, the Walkers agreed to locate their driveway "completely within their property line or within their

7

extended property line" and released Timms from causes of action "related to" the parties' disputes before the district court, which disputes included Timms' alleged interference with the Walkers' "right of access and their use of their own land." In this context, we conclude that any adjudication of title involved before the county court was only in an "incidental or collateral way" and did not deprive the county court of jurisdiction. *See In re Elamex, S.A. de C.V.*, 367 S.W.3d at 898. Thus, we overrule the Walkers' first issue.

**Did the county court lack jurisdiction because the small claims court lacked jurisdiction?**

In their second issue, the Walkers contend that the transfer from the small claims court to the county court was without jurisdiction and void because they only sought injunctive relief and the small claims court lacked jurisdiction to grant injunctions. *See* Tex. Gov't Code § 28.003 (repealed May 1, 2013) (providing concurrent jurisdiction between small claims court and justice court in actions for the recovery of money not exceeding $10,000).[4] But, in their statement of claim filed with the small claims court, the Walkers stated in relevant part:

> John Walker and Molly Walker . . . being duly sworn on [their] oath, deposes and says that James Times . . . is justly indebted to [them] in the sum of the maximum jurisdictional limits of the Court [of] at least Ten Thousand but not to exceed ($10,000).

---

[4] Small claims courts under Chapter 28 of the Government Code were abolished effective May 2013. *See* Act of July 19, 2011, 82d Leg., 1st C.S., ch. 3 (H.B. 79), § 5.06(b), 2011 Tex. Sess. Law Serv. 116, 135.

Despite their argument to this Court, the Walkers' statement of claim expressly included a claim for the recovery of money damages. Further, Timms counterclaimed for money damages, and, as to his request for injunctive relief, he waived and withdrew that request before the county court.

To support their argument that the small claims court's transfer order was void, the Walkers cite *Texas Board of Law Examiners v. Little*, No. 03-09-00342-CV, 2009 Tex. App. LEXIS 9857 (Tex. App.—Austin Dec. 31, 2009, no pet.) (mem. op.). We find that case factually distinct. In that case, the appellant attempted to appeal a decision from the Texas Board of Law Examiners to county court, but only Travis County district courts had jurisdiction over appeals from decisions by the Texas Board of Law Examiners. *Id*. at *1. In that context, we concluded that the county court did not have jurisdiction to transfer the case to district court because it did not have jurisdiction over the appeal, noting that a court lacking jurisdiction can only dismiss the case and cannot transfer the case unless the transfer is otherwise authorized. *Id*. at *6–8.

In contrast, the small claims court here had jurisdiction over claims for money damages under $10,000, the Walkers' statement of claim expressly included a claim for money damages under $10,000, and Timms's counterclaim included a claim for money damages under $10,000. This was sufficient to invoke the jurisdiction of the small claims court. Thus, the small claims court had jurisdiction to transfer the claims for money damages to county court, a court with concurrent jurisdiction over such claims. *See* Tex. Gov't Code § 26.042(a) (providing that county court has concurrent jurisdiction with justice courts in civil case in which the matter in controversy exceeds $200 in value but does not exceed $10,000, exclusive of interest). On this basis, we overrule the Walkers' second issue.

9

## CONCLUSION

For these reasons, we conclude that the county court did not err in denying the Walkers' plea to the jurisdiction. There being no other issues raised, we affirm the county court's final summary judgment.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   January 3, 2014