HUDSON v. NOWELL & SON.    (No. 12032.)

Court of Civil Appeals of Texas. Fort Worth.
June 2, 1928.

On Rehearing, June 30, 1928.

1. Appeal and error ⟨key⟩733—Assignments that court erred because judgment and order were contrary to law held too general.

Where motion for new trial, considered as basis of appellant's assignments of error, merely stated that court erred in certain rulings, for reason that judgment and order is contrary to the law, there is no specific assignment of error before court as requires consideration, and hence court will consider only such questions as may be considered as fundamental error apparent of record.

2. Courts ⟨key⟩163—Justices of the peace ⟨key⟩ 47(1)—Neither justice nor county court had jurisdiction of suit, major purpose of which was to cancel constable's deed and remove cloud from title.

Where major purpose of suit to set aside alias execution and sale of realty thereunder was to cancel constable's deed and remove cloud from title of land, held, that neither justice court nor county court had jurisdiction to try case.

3. Quieting title ⟨key⟩30(3)—Any one claiming title under constable's deed is necessary party in suit to remove cloud, on ground that judgment was a nullity.

In suit to remove cloud from title on ground that judgment on which execution was based is a nullity, any one claiming or asserting title under constable's deed would be necessary party.

4. Judgment ⟨key⟩521—Where invalidity of judgment in partnership name is only incidental to other relief, attack must be made in court having power to grant ultimate relief sought.

Though a partnership as such has no legal entity, and judgment in partnership name, without joinder of individual persons constituting partnership, is void, and may be attacked directly or collaterally, where invalidity of such a judgment is only incidental and important in obtaining some other relief, attack thereon must be made in court having power to grant ultimate relief.

Buck, J., dissenting.

Appeal from Cooke County Court; J. C. Cox, Judge.

Action by W. W. Hudson against Nowell & Son. From a judgment dismissing the action, plaintiff appeals. Affirmed.

Ray Winder, of Gainesville, for appellant.

Adams & Jones and W. L. Blanton, all of Gainesville, for appellee.

CONNER, C. J. The proceedings now before us were set in motion by appellant, W. W. Hudson, on August 11, 1927, by filing a pleading in the justice court of precinct No. 1, Cooke county, styled "Motion of Defendant to Set Aside Alias Execution and the Sale of Realty Thereunder." It appears from the record that on April 4, 1927, the court in which the motion was filed entered a judgment against W. W. Hudson in favor of "Nowell & Son," as plaintiffs, for the sum of $165.53, together with interest and $7.25 costs; that by virtue of said judgment an alias execution had issued on the 8th day of July, 1927, and levied upon certain property of Hudson, which was sold to C. J. and D. T. Grammer, to whom the officer executing the execution made deed, receiving therefor the sum of $210, which price was alleged to be grossly inadequate. It is urged that the judgment is void, on the ground that it is in favor of a partnership, without the joinder of the individual members thereof. The motion also attacked the alias execution as based on a void judgment, and on other grounds, which, in view of our final conclusion, we deem it unnecessary to notice and discuss.

The justice of the peace, on August 10, 1927, issued a formal notice, directed to the sheriff or any constable of Cooke county, commanding him to summon Nowell & Son, being the plaintiffs in the suit styled "Nowell & Son v. W. W. Hudson," etc., and also C. J. and D. T. Grammer, to appear before said justice at noon August 15, 1927, to answer the motion. The motion seems to be in due form. The return of the constable shows that it came to hand on the 10th day of August, 1927, and was executed on the 11th day of August, by delivering "to each of the within named Nowell & Son, by delivery to W. B. Nowell, one of the members of the firm of Nowell & Son, and C. J. and D. T. Grammer," a copy of the notice.

On the day appointed, to wit, August 15, 1927, "Nowell & Son, by W. B. Nowell," presented a motion to dismiss the proceedings on

the ground that there had been no appeal taken from the original judgment against Hudson, and that more than two terms of court had passed since its rendition, and that hence the court was without jurisdiction over the subject-matter at that time. A motion in their behalf was also made by their attorney, reciting that Nowell & Son was a firm composed of W. B. and A. N. Nowell, doing business under the firm name of Nowell & Son, and prayed that the original judgment be amended to so show.

C. J. and D. T. Grammer also presented a motion denying the jurisdiction of the justice court, on the ground that they were not parties to the suit of Nowell & Son against Hudson, and had "no interest in the matter, nor in the controversy between the said Nowell & Son against W. W. Hudson." The justice of the peace denied the motion of Nowell & Son to amend the judgment, sustained the motion of C. J. and D. T. Grammer to be dismissed, and dismissed the motion to set aside the execution sale, all on the ground that he was without jurisdiction. From the order so made, W. W. Hudson duly prosecuted an appeal to the county court of Cooke county, where substantially the same contentions appear to have been made as in the justice court, and where on, to wit, December 21, 1927, judgment was rendered against W. W. Hudson and in favor of Nowell & Son, dismissing the action, upon the ground that the court was without jurisdiction. To such order and judgment of the county court, W. W. Hudson duly excepted, and has prosecuted an appeal to this court.

In addition to what we have already stated, and as preliminary to a discussion of the case, we will notice that we have no statement of facts in the record, nor any formal assignment of error. Appellant presented, however, a motion for a new trial, which must be considered as the basis of his assignments of error. There are two: First, that the court erred in dismissing C. J. and D. T. Grammer, for the reason that "said judgment and order is contrary to the law"; and, second, that the order of the court sustaining the motion of Nowell & Son to the jurisdiction of the court and in dismissing the cause should be set aside, for the reason that "said judgment and order is contrary to the law."

[1] It is thus evident that we have before us no such specific assignment of error as requires consideration under the rules relating to that subject, and we therefore shall consider only such questions as may be considered as fundamental error apparent of record. Accordingly, defects complained of in the brief of appellant, relating to the sufficiency of the form and regularity of the time of service of appellant's motion to set aside the judgment of the justice court appealed from, and to the irregularities in the execution, and return thereon, by virtue of which the constable sold appellant's land to C. J. and D. T. Grammer, will not be discussed.

[2] The transcript, however, which has been duly certified to by the clerk below, contains a copy of the transcript from the justice court and of the proceedings in the county court, from which this appeal has been prosecuted. Therefrom it also appears that, at the sale of defendant's land under the execution from the justice court, a sum in excess of the judgment in favor of Nowell & Son was received. Nothing in the record suggests that the amount so received was not paid to Nowell & Son in discharge of the judgment, and we will so presume. Nor is there any pleading or other thing in the record to suggest that appellant was seeking to recover from the plaintiff in the judgment the value of the land, or the amount of money for which the land sold under the void execution, and no such contention appears in the brief of counsel for appellant. So that, we think, it is evident from the record that the major purpose of this suit was to cancel the constable's deed and remove the cloud from the title of defendant's land, created by its sale to C. J. and D. T. Grammer; the attack on the judgment, execution, and other proceedings of the justice court being merely incidental as a means to that end. Indeed, in appellant's brief the purpose in this action is stated to be the same as in Garza v. Kenedy (Tex. Com. App.) 299 S. W. 231, which was instituted in a district court for such a purpose. Such suits, we think it entirely clear that neither the justice court nor the county court had the jurisdiction to try.

If it be true, as alleged in the motion of the Grammers, that they had no interest in the controversy, it must be because they had either abandoned all claim of right or title under the constable's deed to them, which seems improbable, in view of the amount they paid therefor, or because they had assigned whatever title or color of title they may have so acquired.

[3] The trial court sustained the motion of the Grammers to be dismissed, on the ground that they were without interest, and there is no evidence before us relating to the subject. Of course, whoever, if any one, is claiming or asserting title under the said constable's deed, would be a necessary party in a suit to remove the cloud from the title, on the ground that the judgment upon which the execution was based is a nullity. We venture to also add that, in the case of Amarillo Com. Co. v. C., R. I. & G. Ry. Co. (Tex. Civ. App.) 140 S. W. 377, it was held that a suit before a justice of the peace, brought by a partnership in the partnership name, might be corrected by amendment, contrary to one of the rulings made in the court below. We will not discuss or determine those questions, however, in view of our conclusion that the object of the suit was to cancel the deed under the

execution from the justice court, rather than an effort to set aside or correct the judgment with a different end in view.

[4] It follows, we think, from the mere statements we have made, that while a partnership as such has no legal entity, and that a judgment in such name without the joinder of the individual persons constituting the partnership may be void, and may be attacked either directly or collaterally, yet where, as here, the invalidity of the judgment is only incidental, and important in obtaining some other relief, the attack must be made in a court having the power to grant the ultimate relief sought. It is true, as urged in behalf of appellant, that the cases of Campbell v. Richards (Tex. Civ. App.) 233 S. W. 532, and others, approve the method of setting aside an execution sale and deed to a purchaser not a party to the judgment directing the execution on motion. But in all of such cases the motion was prosecuted in a district court vested with power to remove clouds upon title to land. No such power has been conferred upon justice courts, and we do not think such power is to be implied under the rule giving a liberal construction to the proceedings therein. We do not wish to be understood as holding that a justice court is without power, on motion seasonably presented, to correct informalities and irregularities in its judgments and executions. What we do hold is that such a power does not extend to the relief sought in this case.

The judgment below will accordingly be affirmed.

BUCK, J. (dissenting). I regret that I cannot concur in the conclusions reached by the majority in this cause. I do not concur in the statement, made in the majority opinion:

"That the major purpose of this suit was in effect to remove the cloud from the title of defendant's land, created by its sale to C. J. and D. T. Grammer."

The writer thinks that the evident purpose of appellant here was to set aside the judgment of the justice court. Appellant attacks, first, the writ of attachment, on the claim that the caption on the back of the affidavit for the writ contained the number of this suit and is styled "Nowell & Son v. W. W. Hudson," on the face thereof, and at the top is given "Nowell & Son," and in the body is stated that "W. B. Nowell, a member of the firm of Nowell & Son," plaintiffs, and does not show anywhere in said affidavit for attachment the names of each member of said firm of Nowell & Son. Further, the affidavit is defective, by reason of the fact that same does not state whether or not the debt sued for is due, nor what the debt is for.

Appellant further attacks the bond for attachment, in that it does not state the names of the members of the firm, and does not state whether it is a firm or a partnership. The writ of attachment is dated February 19, 1927, and states that the same is to satisfy the demand of Nowell & Son, without specifying whether said Nowell & Son is a joint-stock company, association, or partnership, and without naming the partners, if the plaintiff in the original suit was a partnership. He further attacks the judgment dated April 4, 1927, and claims that the same is null and void for the following reasons: That said suit on which the judgment is based was instituted in the name of Nowell & Son, without showing in any manner the names of the plaintiffs, and without showing whether plaintiff was a joint-stock company, a corporation, or a partnership, and that the citation on which said judgment is based does not give the members of Nowell & Son. He further pleads that said citation states said suit was instituted upon open account, and that there is no written account shown. He further attacks the alias execution, for the reason that said alias execution was based upon a void judgment, and that therefore it is void.

In said alias execution it is stated: That it is based upon a judgment recovered at the April term of court, and in fact said judgment was rendered on April 4, 1927, at the March term of court. That said alias execution is returnable within 90 days from the date of its issuance, whereas the law requires such execution in the justice court to be returned within 60 days of the issuance thereof. That the names of the plaintiffs are given only as Nowell & Son, without stating whether the plaintiffs are a corporation, a joint-stock company, or a partnership. Numerous other grounds are contained in the motion, tending to show that the proceedings in the justice court were irregular, and that the order of sale and the judgment were null and void. He alleges that the purchase of the land by the Grammers did not convey to them a good and merchantable title, and in his prayer he prays that the attachment, judgment, alias execution, and all proceedings thereunder be adjudged to be void. We do not think, because the court was not vested with jurisdiction to remove the cloud on the title on the property sold under the execution, that appellant should have been denied such relief as he showed himself to be entitled to. The majority opinion says:

"We do not wish to be understood as holding a justice court is without power, on motions seasonably presented, to correct informalities and irregularities in its judgments and executions."

Therefore the writer assumes that such is the fact, but we question whether this motion was "seasonably presented."

Article 2236, 1925 Codifications, provides that:

"In cases in which judgment has been rendered on service of process by *publication* [italics ours], where the defendant has not ap-

peared in person or by attorney of his own selection: 1. The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit filed, within two years after such judgment was rendered. * * * 3. If property has been sold under the judgment and execution before the process was suspended, the defendant shall not recover the property so sold, but shall have judgment against the plaintiff in the judgment for the proceeds of such sale."

See Cleveland v. Tufts, 69 Tex. 580, 7 S. W. 72.

But in the instant case the defendant in the original suit was personally served with citation, although there is, perhaps, some irregularity claimed in regard to the service. A default judgment may be set aside upon a bill of review. But in any case the petition must show that the failure to answer, or, as in this case, the failure to call the trial court's attention in term time to any defect, irregularity, etc., of the procedure, was not due to any fault or negligence of the petitioner. (2) He must show that the judgment rendered was unjust to him, and upon another trial the judgment would likely be different; i. e. more favorable to petitioner. Benavides v. Lucio (Tex. Civ. App.) 297 S. W. 476, and cases there cited. Hence the writer concludes that the appellant did not place himself in a position to be entitled to favorable action by the trial court on his bill of review.

It is true, if the allegations of defects and irregularities in the trial were true, which must be so accepted as against a general demurrer, the judgment of which the appellant complains was a nullity. A void judgment may be attacked anywhere; that is, in a court having jurisdiction to enforce its judgments—in the instant case, the district court. Since the justice court has suffered the property to be sold under what is alleged to be a void judgment, appellant, by a suit for injunction, and otherwise, can have the justice court judgment reviewed. And if his allegations are supported by the evidence, he can have the judgment of the justice court set aside, and plaintiffs in the justice court held liable for the value of the property taken by means of such void process.

The writer concurs in the affirmance of the judgment of the trial court, but not for the reasons stated in the majority opinion.

### On Motion for Rehearing.

CONNER, C. J. Appellant first insists that the majority was in error in concluding that the suit was in effect one to remove cloud from title to land; and, second, that the dissenting justice was in error in concluding that the suit had not been filed in due time. The majority did not and will not undertake to discuss or determine the questions suggested in the dissenting opinion, but we feel that we must adhere to the view originally expressed in this suit. In its nature, at least, it was one which has for its purpose an ultimate relief sought in a suit to remove cloud upon title to land cast by the execution and delivery of a constable's deed to C. J. and D. T. Grammer. In this view, it is insisted that we are in conflict with the decision of section B of our Commission of Appeals in the case of Garza v. Kenedy, 299 S. W. 231.

We think, however, that that case is clearly distinguishable from the one before us. It seems clear to us that in the Garza Case the question determined was that the suit there constituted a direct and not a collateral attack upon the judgment, as had been decided by the Court of Civil Appeals. By reference to the opinion of the Court of Civil Appeals, reported in 291 S. W. 616, it will be seen that that court construed the attack upon the judgment under consideration as presenting irregularities only, and not as a void judgment. We do not read the opinion of the Commission as holding otherwise, and the defects in the judgment there complained of being but irregularities, not seasonably corrected on a motion for rehearing, by appeal or otherwise, the only remedy of the complaining party was by an independent suit, as the Commission held. We agree with the conclusion of the Commission that under such circumstances it would be necessary to set aside the judgment before further relief in the way of recovery of title to land or removing cloud therefrom, and that the suit considered was proper and constituted a direct attack upon the judgment.

In the case considered by us, however, appellant, originally and in the motion for new trial, insisted that the judgment he attacks is absolutely void, and we have so treated it; it being one in favor of no person, corporation, or association having a legal entity. We quote the following definition of a void judgment from the opinion of the lamented Judge Neill, formerly of the San Antonio Court of Civil Appeals, in the case of Newman v. Mackey, 37 Tex. Civ. App. 85, 83 S. W. 31:

"If a judgment is void, it is, in legal effect, no judgment at all. It is a mere brutum fulmen, by which no rights are divested, and from which none can be obtained. It neither binds nor bars any one. All acts performed under it and claims flowing out of it are void. It is good nowhere, and is bad everywhere. It can be attacked directly or collaterally, or in any other way, by anybody and everybody. Freem. on Judg. § 117; Graham v. East Texas, etc., Co. (Tex. Civ. App.) 50 S. W. 579, and authority cited; Earle v. McVeigh, 91 U. S. 503, 23 L. Ed. 398."

If the judgment under consideration in fact be void, as appellant insists, and as we have held, it is of no effect whatever. It constitutes no obstacle to any relief to which appellant may be entitled, and in this suit, as

originally pointed out, appellant seeks no relief indicated by his pleadings, other than a cancellation of the constable's deed to C. J. and D. T. Grammer. There is no prayer in behalf of appellant that he recover from Nowell & Son, or the members of that firm, the moneys received by virtue of the execution sale, nor is it alleged that Nowell & Son, or any one of its members, have attempted or are threatening any further execution of the judgment, and to set it aside would be to do a useless thing. So that, as it seemed to us before and seems now, the evident purpose of the suit—the end in view—was to secure the annulment of the constable's deed. This, in substance and effect, we think was in its nature an effort to remove cloud from title, a subject over which the justice court and county court both were without jurisdiction.

The motion for rehearing will accordingly be overruled.

BUCK, J., dissenting, as before, as to grounds for affirmance.