## LOUIS BLAIR V. ARCHER COUNTY.

No. A-858. Decided June 19, 1946.
(195 S. W., 2d Series, 348.)

*Leslie Humphrey,* of Wichita Falls, for petitioner.

It was error for the Court of Civil Appeals to hold that the petition stated a cause of action that was within the jurisdiction of the County Court. DeWitt County v. Wischkemper, 95 Texas 435, 67 S. W. 882; Cotton v. Rhea, 106 Texas 220, 163 S. W. 2; Whatley v. Gust, 294 S. W. 245.

*O. M. Wylie,* of Archer City, for respondent.

The title to land  or the interest therein, at most, was only incidentally involved in this suit and the county court had jurisdiction to render judgment. Gulley v. Hedrick, 127 S. W. (2d) 978; Texas Osage Co-op Royalty Pool v. Kemper, 170 S. W. (2d) 849; McLennan County v. Taylor, 96 S. W. (2d) 997.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

The sole question for decision in this case is whether or not the county court exceeded its jurisdiction in granting a temporary writ of injunction. The Court of Civil Appeals held that it did not exceed its jurisdiction. 192 S. W. (2d) 573. We have no record before us except the petition of Archer County for a temporary injunction, the order granting same, a copy of the writ, and a bill of exceptions taken by petitioner to the rulings of the trial court excluding certain proffered documents. But it appears that the record is sufficient to disclose that the county court was without jurisdiction to issue the writ.

The petition was filed by Archer County, acting through its county attorney, against petitioner, Louis Blair. It alleged that certain named individuals, owners of a tract of land in Archer County described by metes and bounds in the petition,

for the purpose of putting same in shape for urban use, did on May 21, 1890, subdivide and plat the same; that such plat is recorded in a named volume and page in the deed records of Archer County, to which reference was made; that the parties who subdivided the land designated the property as the City of Dundee and granted and dedicated to the use of the public rights-of-way to and upon all streets and avenues marked on the plat; that the public has continuously used the streets and alleys shown on the plat since their dedication and Archer County has assisted in the care and upkeep of such streets and has maintained same for the use and benefit of the public; that respondent was theatening to place fences over the tract of land so dedicated and particularly over certain named streets, and that, if not restrained, he would erect such fences to the irreparable damage to the public and also such damage to the county in the sum of "at least $1000.00."

There is no amount in controversy, for while the petition alleged that the county would be damaged in the sum of at least $1000.00, it did not pray for damages for that amount or any other amount. The only relief sought was a temporary injunction pending the final determination of the litigation.

It seems clear that the district court alone has jurisdiction to grant the relief sought. By Art. 5, Sec. 16, of our State Constitution, it is expressly provided that county courts "shall not have jurisdiction of suits for the recovery of land." By Sec. 8 of that article, jurisdiction to try suits of that nature is conferred upon district courts. By its petition Archer County is claiming rights in the nature of easements in certain alleged streets, basing its claim on an old plat made in 1890 of a large tract of land. Obviously, it has no cause of action unless it can establish title to such easements and has a cause of action if it can establish title thereto. The rights asserted, therefore, constitute interests in real estate. Coughran v. Nunez, 133 Texas 303, 127 S. W. (2d) 885. We are unable to agree with the claim that title to real estate is but incidentally involved, for, as observed in the authority just cited, to assume that the county owned the easement would be to assume the whole case in its favor.

While we do not determine the question of jurisdiction from an examination of a bill of exceptions, still the bill filed in this case by petitioner confirms us in the conclusion which we have drawn from the pleadings and leaves no doubt in our minds

that the real controversy in this case relates to the title of the county to certain strips of land designated in the plat of 1890 as streets and avenues. The bill of exceptions complains of the ruling of the trial court in excluding a plat of a later date of the town of Dundee and outer blocks, together with an affidavit of Ross Corlett, State Licensed Surveyor, attached thereto. The affidavit stated, among other things, that the land was grown up heavily with mesquite timber and brush and that there was no indication on the grounds that any streets were ever established thereon. We are not concerned with the ruling of the court with reference to the admissibility of this proffered evidence, but the bill of exceptions serves the purpose of confirming the conclusion drawn from the pleadings that this litigation involves the title to land and must therefore be tried in the district court.

The judgments of both courts below are reversed and the temporary injunction is dissolved.

Opinion delivered June 19, 1946.