Roland Lee CHRISTIAN,
et ux., Appellants,

v.

The CITY OF ENNIS, Texas,
et al., Appellees.

No. 10–91–144–CV.

Court of Appeals of Texas,
Waco.

May 6, 1992.

Warwick H. Jenkins, Jenkins & Jenkins, Waxahachie, for appellants.

James R. Jenkins, Waxahachie, Bill Glaspy, Mesquite, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

The City of Ennis filed this condemnation suit in the County Court at Law against Lisa and Joe Glaspy to condemn the fee title in 6.08 acres. Roland and Mary Lou Christian intervened in the proceeding, alleging that they owned one-half of the air rights above the property. At the hearing on the motion to strike their intervention, they argued that they acquired an interest in the air rights through a contract with the Glaspys. They introduced the contract into evidence. The court struck their inter-vention, however, and entered a judgment vesting fee title in the City.

■ A county court at law must transfer a condemnation case to the district court if the suit "involves an issue of title." TEX. PROP.CODE ANN. § 21.002 (Vernon 1984); *City of Houston v. West*, 520 S.W.2d 752, 754 (Tex.1975). The principal question to be decided is whether the Christians raised an "issue of title." We reverse the judgment and remand the cause for transfer to the district court.

The contract relied on by the Christians contains this provision:

For and in consideration of the covenants and agreements contained in one certain Earnest Money Contract dated May 9, 1990[,] regarding a [6.08–acre] tract or parcel of land ... [the Glaspys and Christians agree] that in the event that the City of Ennis ... pays for an air easement over said real property for the use of aviation in the operation of the Ennis Municipal Airport, then in that event the [Glaspys and Christians] shall divide said proceeds equally.

■ The owner of an easement in real property is entitled to be compensated if it is taken or damaged. *Harris Cty. Flood Control Dist. v. Shell*, 591 S.W.2d 798, 800 (Tex.1979). This is true of air easements. *United States v. Causby*, 328 U.S. 256, 66 S.Ct. 1062, 1069, 90 L.Ed. 1206 (1946); *City of Houston v. McFadden*, 420 S.W.2d 811, 814 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.). Thus, the Christians were clearly asserting an interest in the real property when they alleged ownership of a one-half interest in the air easement.

Did they own a legal or equitable interest in the property? If they did, their intervention was proper and should not have been stricken. *See Guaranty Federal v. Horseshoe Operating*, 793 S.W.2d 652, 657 (Tex.1990). If they owned no interest, their intervention should have been dismissed. *See Weissberger v. Brown–Bellows–Smith, Inc.*, 289 S.W.2d 813, 818–19 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.) (holding that a party with no interest

in the subject matter of the suit is not entitled to intervene). At least at the time of the hearing on the motion to strike the intervention, the suit involved an issue of title. *See Coughran v. Nunez*, 133 Tex. 303, 127 S.W.2d 885, 887 (Comm'n App. 1939, opinion adopted).

The court could not rule on the motion to strike the intervention without determining the title question. To resolve the issue of title, it interpreted the contract on which the Christians based their claim of title and, after apparently concluding as a matter of law that they acquired no title to the air easement under the contract, dismissed the intervention without prejudice to their "seeking relief in an appropriate proceeding." However, by interpreting the contract to decide the title dispute, the court failed to comply with section 21.002. *See* TEX.PROP.CODE ANN. § 21.002 (Vernon 1984); *City of Houston*, 520 S.W.2d at 753.

Accordingly, we sustain point two, reverse the judgment, and remand the cause for transfer to the district court. *See City of Houston*, 520 S.W.2d at 754. The remaining points are not reached. We express no opinion on the interpretation of the contract between the Christians and the Glaspys.