

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00255-CV

## IN RE JOSEPH ROBERT RILEY

_____

## Original Proceeding

---

## O P I N I O N

---

Joseph Robert Riley seeks a writ of mandamus compelling Respondent, the Honorable Michael B. Gassaway, Judge of the County Court at Law No. 2 of McLennan County, to set aside an order denying his plea to the jurisdiction and motion to transfer under section 21.002 of the Property Code which requires a statutory county court to transfer a condemnation proceeding to a district court if "the case involves an issue of title." *See* TEX. PROP. CODE ANN. § 21.002 (Vernon 2004). We will conditionally grant mandamus relief.

### Background

In August 2007, Riley granted Sandy Creek Energy Associates, L.P. a 30-foot pipeline easement across his property in connection with the construction of a new

power plant. The easement agreement prohibits Sandy Creek from assigning any interest in the easement without Riley's prior written consent. At some point, Sandy Creek entered agreements with Brazos Electric Power Cooperative, Inc., Brazos Sandy Creek Electric Cooperative, Inc. ("Brazos Sandy Creek Coop."), and the Lower Colorado River Authority to create joint ownership of the power plant. As part of these agreements, Sandy Creek assigned an undivided 25 percent interest in the project to Brazos Sandy Creek Coop.

Sandy Creek executed an Assignment and Assumption Agreement in favor of the River Authority in June 2008. This agreement appears to assign to the River Authority an "11.14% undivided interest" in the Riley easement as well as numerous other properties and easements. The agreement also assigns this undivided interest in a 2004 water supply agreement between the City of Waco and Sandy Creek.

The River Authority executed a Disclaimer of Interest in June 2009 expressly disclaiming any interest in the Riley easement and "any right to the assignment of any of such rights and interests" in the easement.

In August 2009, Riley filed suit in district court against Sandy Creek, Brazos Electric Power Cooperative, Brazos Sandy Creek Coop., and the River Authority. He alleges that Sandy Creek impermissibly conveyed to Brazos Sandy Creek Coop. an undivided 25 percent interest in the pipeline easement and an undivided 11.14 percent interest in the easement to the River Authority.

Three months later, Brazos Sandy Creek Coop. and the River Authority (collectively, "Condemnors") filed a condemnation proceeding in statutory county

court. They seek to condemn a 30-foot pipeline easement across Riley's property following the identical metes-and-bounds description as the easement Riley granted to Sandy Creek. Riley responded with a plea to the jurisdiction alleging in part that, under section 21.002 of the Property Code, the condemnation proceeding must be transferred to district court because the proceeding involves an issue of title.

In February 2010, the district court granted the River Authority's plea to the jurisdiction on all of Riley's claims except for his claims for declaratory relief, to quiet title, and for inverse condemnation.[1]

Following a hearing in July 2010, Respondent signed an order denying Riley's plea to the jurisdiction and motion to transfer. Riley then filed his mandamus petition with this Court seeking to compel Respondent to set this order aside and transfer the condemnation proceeding to district court.

## Availability of Mandamus Relief

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show the trial court clearly abused its discretion and there is no adequate remedy by appeal. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam). Mandamus relief is available to correct the wrongful denial of a plea to the jurisdiction when review by interlocutory appeal is not available. *See In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009) (per curiam); *see also In re State Bar of Tex.*, 113 S.W.3d

---

[1] The River Authority has challenged this ruling by interlocutory appeal. *See Lower Col. River Auth. v. Riley*, No. 10-10-00092-CV.

730, 734 (Tex. 2003) (orig. proceeding) ("when one court renders an order that directly interferes with another court's jurisdiction" appellate relief is inadequate).

## Abuse of Discretion

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). We must determine if the trial court abused its discretion by determining that a title dispute did not exist.

## Issue of Title

Section 21.002 requires a statutory county court to transfer an eminent domain proceeding to district court if the case involves an issue of title or some other issue which the court lacks subject-matter jurisdiction to adjudicate. *City of Houston v. West*, 520 S.W.2d 752, 754 (Tex. 1975) (statute "requires the transfer to the District Court of any eminent domain case involving an issue of title or any other matter which cannot be fully adjudicated in the County Court at Law"); *accord Christian v. City of Ennis*, 830 S.W.2d 326, 327 (Tex. App.—Waco 1992, no writ) ("county court at law must transfer a condemnation case to the district court if the suit 'involves an issue of title'"); 1 MADISON RAYBURN, RAYBURN ON CONDEMNATION § 6.04 (Barrister Publ'g, Inc. Apr. 1995) (statute "requires the county courts at law to transfer all title questions to the district court."). *Contra In re Burlington N. & Santa Fe Ry.*, 12 S.W.3d 891, 900 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) ("section 21.002 is a discretionary,

not a mandatory, statute").  The Court in *West* looked to article V of the Texas Constitution[2] "and the conforming statutes" to determine whether the parties' dispute regarding the condemnees' access rights to an airport's runways was within the statutory county court's subject-matter jurisdiction.  *See West*, 520 S.W.2d at 754.

The Court observed that, under these jurisdictional provisions, statutory county courts did not have jurisdiction of "suits for the recovery of land."  *Id.*  Today, statutory county courts do not have jurisdiction of "suits for the recovery of land" unless provided by statute.[3]  Specifically, the County Court at Law No. 2 of McLennan County does not have jurisdiction of such suits.  *See* TEX. GOV'T CODE ANN. §§ 25.0003(a), 25.1572(a), 26.043(8) (Vernon 2004); *see also Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 643 (Tex. App.—Austin 2008, no pet.).

Disputes over ownership of easements are included within the category of suits for the recovery of land.  *See West*, 520 S.W.2d at 754; *Blair v. Archer County*, 145 Tex. 102,

---

[2]  Article V, section 16 of the Texas Constitution currently provides in pertinent part, "The County Court has jurisdiction as provided by law."  TEX. CONST. art. V, § 16.  When *West* was decided in 1975, it provided more specific parameters for the subject-matter jurisdiction of a county court:

> The County Court shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the Justice's Court as the same is now or may hereafter by prescribed by law, and when the fine to be imposed shall exceed $200; and they shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200 and not exceed $500, exclusive of interest; and concurrent jurisdiction with the District Court when the matter in controversy shall exceed $500, and not exceed $1,000, exclusive of interest, but shall not have jurisdiction of suits for the recovery of land.

TEX. CONST. art. V, § 16 (amended 1978).  The "conforming statutes" had similar language.  *See* Act approved Aug. 18, 1876, 15th Leg., R.S., ch. 110, § 1, 1876 Tex. Gen. Laws 172, 172-73 (later codified as arts. 1949-52, Revised Civil Statutes of 1925) (repealed 1985).

[3]  For example, section 25.2162(a)(2) of the Government Code invests the County Courts at Law of Starr County with jurisdiction over "controversies involving title to real property."  TEX. GOV'T CODE ANN. § 25.2162(a)(2) (Vernon 2004).

195 S.W.2d 348, 349 (1946); *Coughran v. Nunez*, 133 Tex. 303, 127 S.W.2d 885, 887 (1939); *Merit Mgmt. Partners*, 266 S.W.3d at 643; *Christian*, 830 S.W.2d at 327-28; *W. Tex. Utils. Co. v. Haskell County*, 490 S.W.2d 237, 238-39 (Tex. Civ. App.—Eastland 1973, no writ). Respondent's court does not have subject-matter jurisdiction of such suits. *See* TEX. GOV'T CODE ANN. §§ 25.0003(a), 25.1572(a), 26.043(8); *Blair*, 195 S.W.2d at 349; *see also Merit Mgmt. Partners*, 266 S.W.3d at 643. Likewise, a suit to quiet title is one for which Respondent's court lacks subject-matter jurisdiction. *See Koehler v. Rivas*, No. 04-98-00492-CV, 1999 Tex. App. LEXIS 18, at *4-6 (Tex. App.—San Antonio Jan. 6, 1999, no pet.) (not designated for publication); *Hudson v. Nowell & Son*, 8 S.W.2d 778, 779 (Tex. Civ. App.—Fort Worth 1928, no writ).

## Raising the Issue

Sandy Creek[4] claims that no title issue has been raised *in the condemnation proceeding* because "[n]o party has filed a counterclaim or cross claim, and no party has asked the court to make any determination of the parties' respective title to Riley's ranch or the Riley-SCEA Easement." We disagree that the issue of title must be raised by a pleading for affirmative relief.

As we have explained, when an issue of title is raised in a condemnation proceeding, a transfer to district court is required because the statutory county court does not have jurisdiction to adjudicate the title issue. *See West*, 520 S.W.2d at 754. "The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well

---

[4] Although Sandy Creek, owner of the original easement, is named as a defendant with Riley in the underlying proceedings, it has aligned itself with LCRA on the merits of Riley's claims.

as by other procedural vehicles, such as a motion for summary judgment." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). For example, in *Christian*, the title issue was raised by a plea in intervention, which is a pleading for affirmative relief. *See Christian*, 830 S.W.2d at 327. Here, however, Riley chose to bring the title issue to Respondent's attention by a plea to the jurisdiction, and we hold that this is an appropriate procedural vehicle for doing so. *See Blue*, 34 S.W.3d at 554.

Viewing the pleadings in the light most favorable to Riley, we find that he has several title-related claims regarding the described easement, which is the same property being condemned in the underlying proceeding, pending in district court. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (requiring pleadings to be construed liberally in favor of the plaintiff). Riley seeks declaratory relief against both condemnors regarding whether either of them has an ownership interest in the easement or a right to use the pipeline in the easement.[5] He also seeks to quiet title to his property by removing any cloud created by the assignments from Sandy Creek to the River Authority and to Brazos Sandy Creek Coop. These claims involve issues of title and require the transfer of the case to district court under section 21.002.

### Disclaimer of Interest

The River Authority argues that a disclaimer it executed disclaims any interest in the easement being condemned and therefore there can be no pending title dispute.

---

[5] We take judicial notice of the pleadings in the interlocutory appeal. *See Davis v. State*, 293 S.W.3d 794, 798 n.1 (Tex. App.—Waco 2009, no pet.) ("An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties.").

However, the River Authority's disclaimer does not resolve Riley's title dispute with Brazos Sandy Creek Coop relating to that same easement.

Because there are pending issues in district court regarding ownership of the easement, Respondent abused his discretion by denying Riley's first amended plea to the jurisdiction and motion to transfer.

## Adequate Remedy by Appeal

In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). A determination of adequacy of appeal as a remedy for an alleged clear abuse of discretion in a pretrial ruling involves a balance of jurisprudential considerations—including the distraction, expense, and delay attendant in interfering with trial court proceedings on the one hand, and the preservation of important substantive and procedural rights on the other. *In re Christus Health*, 2005 Tex. App. LEXIS 8215, 2005 WL 2450146, at *1 (*citing In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 136 (Tex. 2004)). Such a determination is not an abstract or formulaic one; it is practical and prudential. Id.

Nonetheless, an appellate remedy is not inadequate merely because it may involve more expense or delay. *See In re Prudential*, 148 S.W.3d at 136. However, we are not required to turn a blind eye to blatant injustice, nor are we required to be an accomplice to circumstances that amount to an irreversible waste of judicial and public resources. *See id*. at 136-37. Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances presented. *Id.* at 137. The

procedural posture of the causes of action in both the county court at law and the district court would lead to an "irreversible waste of judicial and public resources." This is because requiring Riley to wait to raise the issue of the denial of the transfer on a direct appeal from a final judgment in the condemnation action deprives the district court from hearing a matter that is mandatorily heard by the district court at the same time as it determines the other relevant issues relating to the title. Although the county court at law is not directly interfering with the jurisdiction of the district court, it is indirectly interfering with that jurisdiction by delaying a determination which should be made at the same time as the issues in the district court action. We find that under the specific circumstances involved in this case, Riley has no adequate remedy at law.

## Conclusion

We conditionally grant Riley's mandamus petition. A writ will issue only if Respondent fails to withdraw his order denying Riley's first amended plea to the jurisdiction and motion to transfer within fourteen days after the date of this opinion.

TOM GRAY
Chief Justice

Before Chief Justice Gray, and
    Justice Davis[6]
Writ conditionally granted
Opinion delivered and filed March 23, 2011
[OT06]

---

[6] The Honorable Felipe Reyna, a former justice on this court, was on the panel and present for argument, but having left office on December 31, 2010, he did not participate in this decision. *See* TEX. R. APP. P. 41.1(c).