IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00255-CV

 

In re Joseph Robert Riley

 

 



Original Proceeding

 

 



Opinion



 








            Joseph Robert Riley seeks a writ of mandamus
compelling Respondent, the Honorable Michael B. Gassaway, Judge of the County
Court at Law No. 2 of McLennan County, to set aside an order denying his plea
to the jurisdiction and motion to transfer under section 21.002 of the Property
Code which requires a statutory county court to transfer a condemnation
proceeding to a district court if “the case involves an issue of title.”  See
Tex. Prop. Code Ann. § 21.002
(Vernon 2004).  We will conditionally grant mandamus relief.

Background

            In August 2007, Riley granted Sandy Creek Energy
Associates, L.P. a 30-foot pipeline easement across his property in connection
with the construction of a new power plant.  The easement agreement prohibits
Sandy Creek from assigning any interest in the easement without Riley’s prior
written consent.  At some point, Sandy Creek entered agreements with Brazos
Electric Power Cooperative, Inc., Brazos Sandy Creek Electric Cooperative, Inc.
(“Brazos Sandy Creek Coop.”), and the Lower Colorado River Authority to create
joint ownership of the power plant.  As part of these agreements, Sandy Creek assigned
an undivided 25 percent interest in the project to Brazos Sandy Creek Coop.

            Sandy Creek executed an Assignment and Assumption
Agreement in favor of the River Authority in June 2008.  This agreement appears
to assign to the River Authority an “11.14% undivided interest” in the Riley
easement as well as numerous other properties and easements.  The agreement
also assigns this undivided interest in a 2004 water supply agreement between
the City of Waco and Sandy Creek.

            The River Authority executed a Disclaimer of
Interest in June 2009 expressly disclaiming any interest in the Riley easement
and “any right to the assignment of any of such rights and interests” in the
easement.

            In August 2009, Riley filed suit in district
court against Sandy Creek, Brazos Electric Power Cooperative, Brazos Sandy
Creek Coop., and the River Authority.  He alleges that Sandy Creek impermissibly
conveyed to Brazos Sandy Creek Coop. an undivided 25 percent interest in the pipeline
easement and an undivided 11.14 percent interest in the easement to the River
Authority. 

            Three months later, Brazos Sandy Creek Coop. and
the River Authority (collectively, “Condemnors”) filed a condemnation
proceeding in statutory county court.  They seek to condemn a 30-foot pipeline easement
across Riley’s property following the identical metes-and-bounds description as
the easement Riley granted to Sandy Creek.  Riley responded with a plea to the
jurisdiction alleging in part that, under section 21.002 of the Property Code,
the condemnation proceeding must be transferred to district court because the
proceeding involves an issue of title.

            In February 2010, the district court granted the
River Authority’s plea to the jurisdiction on all of Riley’s claims except for
his claims for declaratory relief, to quiet title, and for inverse
condemnation.[1]

            Following a hearing in July 2010, Respondent
signed an order denying Riley’s plea to the jurisdiction and motion to
transfer.  Riley then filed his mandamus petition with this Court seeking to
compel Respondent to set this order aside and transfer the condemnation
proceeding to district court.

Availability
of Mandamus Relief

            To be entitled to the extraordinary relief of a
writ of mandamus, the relator must show the trial court clearly abused its
discretion and there is no adequate remedy by appeal.  In re Laibe Corp.,
307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam).  Mandamus
relief is available to correct the wrongful denial of a plea to the
jurisdiction when review by interlocutory appeal is not available.  See In
re Liberty Mut. Fire Ins. Co., 295 S.W.3d 327, 328 (Tex. 2009) (per curiam);
see also In re State Bar of Tex., 113 S.W.3d 730, 734 (Tex. 2003) (orig.
proceeding) (“when one court renders an order that directly interferes with another
court’s jurisdiction” appellate relief is inadequate).

Abuse
of Discretion

            A trial court abuses its discretion
if it reaches a decision so arbitrary and unreasonable as to constitute a clear
and prejudicial error of law, or if it clearly fails to correctly analyze or
apply the law.  In re Columbia Med. Ctr. of Las Colinas, 306 S.W.3d 246,
248 (Tex. 2010) (orig. proceeding) (per curiam); In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per
curiam).  We must determine if the trial court abused its discretion by
determining that a title dispute did not exist.

Issue
of Title

            Section 21.002 requires a statutory county court to
transfer an eminent domain proceeding to district court if the case involves an
issue of title or some other issue which the court lacks subject-matter
jurisdiction to adjudicate.  City of Houston v. West, 520 S.W.2d 752,
754 (Tex. 1975) (statute “requires the transfer to the District Court of any
eminent domain case involving an issue of title or any other matter which cannot
be fully adjudicated in the County Court at Law”); accord Christian v. City
of Ennis, 830 S.W.2d 326, 327 (Tex. App.—Waco 1992, no writ) (“county court
at law must transfer a condemnation case to the district court if the suit
‘involves an issue of title’”); 1 Madison
Rayburn, Rayburn on Condemnation § 6.04 (Barrister Publ’g, Inc. Apr.
1995) (statute “requires the county courts at law to transfer all title
questions to the district court.”). Contra In re Burlington N. & Santa
Fe Ry., 12 S.W.3d 891, 900 (Tex. App.—Houston [14th Dist.] 2000, orig.
proceeding) (“section 21.002 is a discretionary, not a mandatory, statute”).  The
Court in West looked to article V of the Texas Constitution[2]
“and the conforming statutes” to determine whether the parties’ dispute
regarding the condemnees’ access rights to an airport’s runways was within the
statutory county court’s subject-matter jurisdiction.  See West,
520 S.W.2d at 754.

            The Court observed that, under these
jurisdictional provisions, statutory county courts did not have jurisdiction of
“suits for the recovery of land.”  Id.  Today, statutory county courts
do not have jurisdiction of “suits for the recovery of land” unless provided by
statute.[3] 
Specifically, the County Court at Law No. 2 of McLennan County does not have
jurisdiction of such suits.  See Tex.
Gov’t Code Ann. §§ 25.0003(a), 25.1572(a), 26.043(8) (Vernon 2004); see
also Merit Mgmt. Partners I, L.P. v. Noelke, 266 S.W.3d 637, 643 (Tex.
App.—Austin 2008, no pet.).

            Disputes over ownership of easements are included
within the category of suits for the recovery of land.  See West,
520 S.W.2d at 754; Blair v. Archer County, 145 Tex. 102, 195 S.W.2d 348,
349 (1946); Coughran v. Nunez, 133 Tex. 303, 127 S.W.2d 885, 887 (1939);
Merit Mgmt. Partners, 266 S.W.3d at 643; Christian, 830 S.W.2d at
327-28; W. Tex. Utils. Co. v. Haskell County, 490 S.W.2d 237, 238-39
(Tex. Civ. App.—Eastland 1973, no writ).  Respondent’s court does not have
subject-matter jurisdiction of such suits.  See Tex. Gov’t Code Ann. §§ 25.0003(a), 25.1572(a), 26.043(8); Blair,
195 S.W.2d at 349; see also Merit Mgmt. Partners, 266 S.W.3d at 643.  Likewise,
a suit to quiet title is one for which Respondent’s court lacks subject-matter
jurisdiction.  See Koehler v. Rivas, No. 04-98-00492-CV, 1999
Tex. App. LEXIS 18, at *4-6 (Tex. App.—San Antonio Jan. 6, 1999, no pet.) (not
designated for publication); Hudson v. Nowell & Son, 8 S.W.2d 778,
779 (Tex. Civ. App.—Fort Worth 1928, no writ).

Raising
the Issue

            Sandy Creek[4]
claims that no title issue has been raised in the condemnation proceeding
because “[n]o party has filed a counterclaim or cross claim, and no party has
asked the court to make any determination of the parties’ respective title to
Riley’s ranch or the Riley-SCEA Easement.”  We disagree that the issue of title
must be raised by a pleading for affirmative relief. 

            As we have explained, when an issue of title is
raised in a condemnation proceeding, a transfer to district court is required
because the statutory county court does not have jurisdiction to adjudicate the
title issue.  See West, 520 S.W.2d at 754.  “The absence of
subject-matter jurisdiction may be raised by a plea to the jurisdiction, as
well as by other procedural vehicles, such as a motion for summary judgment.”  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  For example, in
Christian, the title issue was raised by a plea in intervention, which
is a pleading for affirmative relief.  See Christian, 830 S.W.2d at
327.  Here, however, Riley chose to bring the title issue to Respondent’s
attention by a plea to the jurisdiction, and we hold that this is an
appropriate procedural vehicle for doing so.  See Blue, 34 S.W.3d
at 554.

            Viewing the pleadings in the light most favorable
to Riley, we find that he has several title-related claims regarding the
described easement, which is the same property being condemned in the
underlying proceeding, pending in district court.  See City of El Paso v.
Heinrich, 284 S.W.3d 366, 378 (Tex. 2009) (requiring pleadings to be construed
liberally in favor of the plaintiff).  Riley seeks declaratory relief against
both condemnors regarding whether either of them has an ownership interest in
the easement or a right to use the pipeline in the easement. [5] 
He also seeks to quiet title to his property by removing any cloud created by
the assignments from Sandy Creek to the River Authority and to Brazos Sandy
Creek Coop.  These claims involve issues of title and require the transfer of
the case to district court under section 21.002.

Disclaimer
of Interest

The River Authority argues that a disclaimer
it executed disclaims any interest in the easement being condemned and
therefore there can be no pending title dispute.  However, the River
Authority’s disclaimer does not resolve Riley’s title dispute with Brazos Sandy
Creek Coop relating to that same easement.

            Because there are pending issues in district
court regarding ownership of the easement, Respondent abused his discretion by
denying Riley’s first amended plea to the jurisdiction and motion to transfer. 


Adequate
Remedy by Appeal

            In determining whether appeal is an adequate
remedy, we consider whether the benefits outweigh the detriments of mandamus
review.  In re BP Prods. N. Am., Inc., 244 S.W.3d 840, 845 (Tex. 2008)
(orig. proceeding).  A determination of adequacy of appeal as a remedy for an
alleged clear abuse of discretion in a pretrial ruling involves a balance of
jurisprudential considerations—including the distraction, expense, and delay
attendant in interfering with trial court proceedings on the one hand, and the
preservation of important substantive and procedural rights on the other.  In
re Christus Health, 2005 Tex. App. LEXIS 8215, 2005 WL 2450146, at *1 (citing
In re Prudential Ins. Co. of America, 148 S.W.3d 124, 136 (Tex. 2004)).  Such
a determination is not an abstract or formulaic one; it is practical and
prudential.  Id.

Nonetheless, an
appellate remedy is not inadequate merely because it may involve more expense
or delay.  See In re Prudential, 148 S.W.3d at 136.  However, we are not
required to turn a blind eye to blatant injustice, nor are we required to
be an accomplice to circumstances that amount to an irreversible waste of
judicial and public resources.  See id. at 136-37.  Whether an appellate
remedy is adequate so as to preclude mandamus review depends heavily on the
circumstances presented.  Id. at 137.  The procedural posture of the
causes of action in both the county court at law and the district court would
lead to an “irreversible waste of judicial and public resources.”  This is
because requiring Riley to wait to raise the issue of the denial of the
transfer on a direct appeal from a final judgment in the condemnation action
deprives the district court from hearing a matter that is mandatorily heard by
the district court at the same time as it determines the other relevant issues
relating to the title.  Although the county court at law is not directly
interfering with the jurisdiction of the district court, it is indirectly
interfering with that jurisdiction by delaying a determination which should be
made at the same time as the issues in the district court action.  We find that
under the specific circumstances involved in this case, Riley has no adequate
remedy at law.

Conclusion

            We conditionally grant Riley’s mandamus petition. 
A writ will issue only if Respondent fails to withdraw his order denying Riley’s
first amended plea to the jurisdiction and motion to transfer within fourteen
days after the date of this opinion.  

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice Gray, and

            Justice Davis[6]

Writ conditionally granted

Opinion delivered and filed March 23, 2011

[OT06]









[1]
 The River Authority has challenged this ruling by interlocutory appeal.  See
Lower Col. River Auth. v. Riley, No. 10-10-00092-CV.

 





[2]
 Article V, section 16 of the Texas Constitution currently provides in
pertinent part, “The County Court has jurisdiction as provided by law.”  Tex. Const. art. V, § 16.  When West
was decided in 1975, it provided more specific parameters for the
subject-matter jurisdiction of a county court:           

 

     The County Court shall have original jurisdiction of all
misdemeanors of which exclusive original jurisdiction is not given to the
Justice’s Court as the same is now or may hereafter by prescribed by law, and
when the fine to be imposed shall exceed $200; and they shall have exclusive
jurisdiction in all civil cases when the matter in controversy shall exceed in
value $200 and not exceed $500, exclusive of interest; and concurrent
jurisdiction with the District Court when the matter in controversy shall
exceed $500, and not exceed $1,000, exclusive of interest, but shall not have
jurisdiction of suits for the recovery of land.

 

Tex. Const. art. V, § 16 (amended
1978).  The “conforming statutes” had similar language.  See Act
approved Aug. 18, 1876, 15th Leg., R.S., ch. 110, § 1, 1876 Tex. Gen. Laws 172,
172-73 (later codified as arts. 1949-52, Revised Civil Statutes of 1925)
(repealed 1985).

 





[3] 
For example, section 25.2162(a)(2) of the Government Code invests the County
Courts at Law of Starr County with jurisdiction over “controversies involving
title to real property.”  Tex. Gov’t
Code Ann. § 25.2162(a)(2) (Vernon 2004).





[4]
 Although Sandy Creek, owner of the original easement, is named as a defendant
with Riley in the underlying proceedings, it has aligned itself with LCRA on
the merits of Riley’s claims.





[5]
 We take judicial notice of the pleadings in the interlocutory appeal.   See
Davis v. State, 293 S.W.3d 794, 798 n.1 (Tex. App.—Waco 2009, no pet.)
(“An appellate court may take judicial notice of its own records in the same or
related proceedings involving the same or nearly the same parties.”).





[6]
The Honorable Felipe Reyna, a former justice on
this court, was on the panel and present for argument, but having left office
on December 31, 2010, he did not participate in this decision.  See Tex. R. App. P. 41.1(c).