IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00255-CV

 

In
re Joseph Robert Riley

 

 



Original Proceeding

 

 



corrected ORDER










 

In this original proceeding, we have
conditionally granted mandamus relief to Relator Joseph Robert Riley, who has
now filed a “Motion for Issuance of Mandamus.”  Riley’s motion asserts that on March
29, 2011, the Respondent, the Honorable Michael Gassaway, Visiting Judge of the
County Court at Law Number Two of McLennan County, initially issued a ruling in
accordance with our judgment and opinion; however, on April 21, 2011,
Respondent granted a motion to reconsider filed by the real-parties-in-interest
and withdrew the order entered on March 29, 2011.  In our opinion and judgment
conditionally granting the writ, it was clear that the trial court was to enter
an order granting Relator’s Plea to the Jurisdiction/Motion to Transfer this
cause to the district court of McLennan County and to withdraw his previous
order within twenty-one (21) days of the issuance of our opinion and judgment
on March 23, 2011, which the trial court did in its March 29, 2011 order.  See
In re Riley, No. 10-10-00255-CV, 2011 Tex. App. LEXIS 2122 (Tex. App.—Waco
March 23, 2011) (orig. proceeding).  However, the real-parties-in-interest
argued that all that our judgment required was a withdrawal of the trial
court’s earlier denial of Relator’s motion.  The trial court’s entry of the
judgment of March 29, 2011 was correct.

Riley’s motion for the issuance of the
writ of mandamus is granted.[1]  The clerk is directed to issue the
writ in accordance with this order and our opinion and judgment dated March 23,
2011, and is ordered to deliver the writ to Respondent forthwith commanding
him, not later than 5:00 o’clock p.m. on May 11, 2011, to reinstate the order
rendered, signed, and entered on March 29, 2011 and, to the extent necessary to
give that order effect, the Respondent is ordered to withdraw its order dated
April 21, 2011 because it interferes with the enforcement of this Court’s
opinion and judgment issued on March 23, 2011.  The clerk shall attach a copy
of this order to the writ of mandamus to be served on Respondent in accordance
with this order.

 

PER CURIAM




Before
Chief Justice Gray and

Justice Davis[2]

Motion
granted

Order
issued and filed on May 6, 2011

Do
not publish

 

 









[1] A motion to issue the writ was not
necessary.  It did provide a procedural vehicle for Riley to provide this Court
with notice of the events that occurred in the trial court.  Notice that the
errant order had been withdrawn but then the order withdrawing that order was
subsequently withdrawn is the information that we needed and which requires us
to issue the writ to compel the trial court to take action in conformity with
our opinion and judgment.  Additionally, we note that although the real-parties-in-interest
did not file a response in this Court, they did respond to the motion by again
asking the Texas Supreme Court to prevent this Court from issuing the writ of
mandamus.





[2] The
Honorable Felipe Reyna, a former justice on this court, was on the panel and
present for oral argument, but having left office on December 31, 2010, he did
not participate in the decision conditionally granting the writ or this order
to issue the writ.  See Tex. R.
App. P. 41.1(c).